FILED
TARRANT COUNTY
12/12/2018 11:32 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. **236-304923-18** _____

| | | |
|---|---|---|
| BELTEX CORPORATION d/b/a FRONTIER MEATS, *Plaintiff,* | § § § § § | IN THE DISTRICT COURT |
| v. | § § § | TARRANT COUNTY, TEXAS |
| ROBERT HEATH TRUCKING, INC. AND ROBERT HEATH LOGISTIC, INC. *Defendants.* | § § § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Beltex Corporation d/b/a Frontier Meats and files this, its Original Petition, complaining of Robert Heath Trucking, Inc. and Robert Heath Logistic, Inc., (hereafter, collectively, referred to as "Defendants") and would respectfully show the Court as follows:

### I.  PARTIES

1. Plaintiff, Beltex Corporation d/b/a Frontier Meats (hereinafter referred to as "Plaintiff" or "Frontier Meats"), is a Texas Corporation with its principal place of business in the Tarrant County, Texas.

2. Defendant Robert Heath Trucking, Inc. (hereinafter referred to as "Heath Trucking"), is a corporation incorporated in the State of Texas that can be served through its registered agent, Terri Heath Shankle at 1201 East 40th Street Lubbock, Texas 75238.

3. Defendant Robert Heath Logistic, Inc. (hereinafter referred to as "Heath Logistic"), is a corporation incorporated in the State of Texas that can be served through its registered agent, James C. Shankle at 10880 Rockwall Road Dallas, Texas 75238.

## II.  DISCOVERY LEVEL AND RULE 47 STATEMENT

4. Discovery shall be conducted under Level 2, in accordance with the Texas Rule of Civil Procedure 190.3.

5. Plaintiff seeks monetary relief over $100,000.00 but not more than $ 200,000.00.

6. The amount of damages sought is within the jurisdictional limits of the court.

7. Plaintiff requests that the court grant judgment for the above and for all other relief to which Plaintiff is entitled.

## III.  JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter as the amount in controversy is within the jurisdictional limits of this Court.

9. Venue in Tarrant County is proper in this cause under Section 15.002(a)(4) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events giving rise to this suit occurred in Tarrant County, Texas.

## IV.  FACTUAL BACKGROUND

10. On or about May 2, 2018, Defendants entered into a shipping agreement with Frontier for the shipment of beef trimming combos and boxed vacuum packaged meat (hereafter referred to as the "Shipment") to be transported from Fort Worth, TX to Los Angeles, CA.

11. The Shipment left Tarrant, County, Texas on May 2, 2018 and was to be delivered before May 4, 2018 to Frontier's two customers in California. Frontier's first customer in California was to receive the beef trimming combos' portion of the Shipment and Frontier's Second customer in California was to receive the boxed vacuum packaged meat portion of the Shipment.

12. Frontier discovered that the Defendants' driver failed to deliver the Shipment to its two customers by May 4, 2018 and instead attempted to deliver and tender the Shipment to Frontier's

first customer on or about May 7, 2018. As a result of Defendants failure to deliver on time, Frontier's first customer rejected the beef trimming combos' portion of the Shipment, since it was no longer fit for human consumption.

13. According to Defendants, there were originally two drivers designated by Defendants to ensure the delivery reach its destination on time. However, while traveling through Texas, an alleged breakdown of the delivery truck occurred. Following the breakdown, one of the two drivers abandoned the delivery at some point during the transportation of the Shipment, leaving only the one driver who was unable to deliver on time, thus causing the beef trimmings to subsequently spoil and be rejected by the Frontier's first customer upon its late delivery.

14. In order to mitigate Frontier's damages, Frontier proceeded to instruct Defendants to render only the spoiled, non-vacuum packed meats portion of the Shipment at a rendering facility, Darling International, located in close proximity to Frontier's first customer's facility and to proceed with delivering the boxed vacuum packed portion of the Shipment to Frontier's second customer; Golden West Trading Company. However, despite Frontier's directive, Defendants took it upon themselves to instruct the rendering company to unpack and render the entire Shipment, including the boxed vacuum packaged portion of the Shipment. Further, Defendants failed to notify Frontier of its malfeasance. Frontier was only made aware of this when Golden West contacted Frontier on or about May 9, 2018, inquiring about the status of the boxed, vacuum packaged portion of the Shipment.

15. Due to Defendants breach, negligence, delay, unilateral action, and unnecessary destruction of valuable boxed, vacuumed packaged meats, Frontier not only lost the value of the Shipment, but also incurred extra costs for additional and unnecessary unpacking and rendering costs.

16. The Shipment included 15,066.37 lbs. of fresh trimming combos for Frontier's first customer valued at $25,038.08 and 324 boxes of beef cuts, weighing 17,746.42 lbs., valued at $72,459.71. Additionally, Frontier was forced to pay the rendering fee of $1,876.00.

17. Frontier's attempts to resolve the aforementioned issues with Defendants directly were unsuccessful, causing Frontier to incur the additional costs of obtaining legal representation to resolve this matter. To date, Frontier has incurred over $104,873.79 in damages as a direct result of Defendants' negligence and failure to perform under the term of the contract entered into by and among the Parties to this lawsuit on May 2, 2018.

## V. CAUSES OF ACTION

### BREACH OF CONTRACT

18. Plaintiff incorporates by reference as if set forth in full herein the allegations of paragraphs 10 through 17.

19. There is a valid contract between Plaintiff and Defendants.

20. Plaintiff performed or tendered performance per the terms of the contract.

21. Defendants breached the contract by failing to perform pursuant the terms of the contract.

22. Plaintiff suffered damages as a result of the breach.

### In the Alternative, NEGLIGENCE

23. Plaintiff incorporates by reference as if set forth in full herein the allegations of paragraphs 10 through 17.

24. By taking possession of perishable goods, Defendants owed a duty of care to Plaintiff.

25. Defendants, as the bailee of Plaintiff's Shipment, knew or should have known that the shipment consisting of perishable goods was time sensitive, and that should Defendants fail to deliver on time the goods would spoil. The occurrence of the incidents from which this lawsuit

stems and caused the damages Plaintiff incurred implies negligence, in that but for Defendants' truck breaking down and not operating in a commercially reasonable manner so to deliver the perishable Shipment with in a the time agreed upon per the contract by and among the parties of this lawsuit as well as Defendants second driver abandoning Defendants' first driver during the transportation of the Shipment as well as Defendants' failure to follow Plaintiff's instruction on the mitigation of Plaintiff's damages resulting from Defendant breach of contract, Plaintiff would not have sustained damages or the damages Plaintiff did sustain would not have been as excessive as it is today.

26.     Each of the aforementioned acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence that made the basis of Plaintiff action, the failure of the Shipment being accepted by Plaintiff's costumers and Plaintiff's inability to properly mitigate its damages causing the unnecessary compounding of Plaintiff's damages, and resulted in Plaintiff's injuries and damages.

### In the Alternative, GROSS NEGLIGENCE

27.     Plaintiff incorporates by reference as if set forth in full herein the allegations of paragraphs 10 through 17.

28.     Defendants were subjectively aware and knew of the risks to the value of the Shipment resulting from Defendants' truck's breakdown, Defendants' second driver's abandonment, and Defendants' failure, as the bailee of Plaintiff's Shipment, to strictly comply with Plaintiff's attempts to mitigate the damages caused by Defendants, yet Defendants still failed to give Plaintiff timely notices or to take the reasonable and proper measure to ensure Plaintiff's damages would not be compounded as they were in this case or at least provide Plaintiff with a fair chance to mitigate the damages Defendants' caused.

29. Defendants breached their duties by failing to make Plaintiff aware of Defendants issues, and preventing Plaintiff from mitigating its damages resulted in Plaintiff suffering compounded and unnecessary injuries for which Defendants have made no effort to assist Plaintiff with and in fact sent Plaintiff an invoice to pay additional for Defendants' flagrant failure to uphold its duties to Plaintiff.

30. But for the Defendants conscious disregard for the Plaintiff's value and rights associated with the Shipment contributed to and created, much of Plaintiff's compounded injuries would not have occurred. Defendants were the direct cause of much of Plaintiff's injuries without taking reasonable, cost effective measure to make the incidents less likely to occur.

31. Defendants owed a duty to Plaintiff to notice, protect, warn, and follow Plaintiff's instruction on mitigating Plaintiff's damage related to the Shipment that Defendants had the sole care, custody, and control over.

32. Defendants knew or should have known risks and danger involved with not noticing, protecting, warning, or following Plaintiff's instruction on mitigating Plaintiff's damage related to the Shipment that Defendants had the sole care, custody, and control over.

33. Accordingly, Plaintiff seeks damages from Defendants as well as requests non-economic and exemplary damages due to the reckless, extreme actions of the Defendants.

## VI.  ATTORNEY'S FEES (as to Breach of Contact Claims)

34. Because of Defendants' conduct, Plaintiff has been compelled to engage the services of attorneys to prosecute these claims. Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation and trial of this action and for any appeals to the court of appeals or the Texas Supreme Court pursuant to Tex. Civ. Prac. & Rem. Code § 37.009 and 38.001.

## VII.  **PRAYER**

WHEREFORE, Plaintiff Beltex Corporation d/b/a Frontier Meats respectfully requests that Defendants, Robert Heath Trucking, Inc. and Robert Heath Logistic, Inc., be cited to appear and answer herein, and after a final hearing, Plaintiff, Beltex Corporation d/b/a Frontier Meats, have judgment against Defendants, Robert Heath Trucking, Inc. and Robert Heath Logistic, Inc. as follows:

1. Actual and economic damages resulting from Defendants' breach of contract.
2. Prejudgment interest;
3. Postjudgment interest;
4. Costs of court;
5. If the court finds Defendants acted recklessly with gross negligence, exemplary damages;
6. attorney's fees; and
7. All further relied, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

TAILIM SONG LAW FIRM

/s/ *Haben Tewelde*

_____
HABEN TEWELDE
State Bar No. 24096570
btewelde@tailimsong.com
TAILIM SONG
State Bar No. 00792845
tsong@tailimsong.com
JORDAN WHIDDON
State Bar No. 24093350
jwhiddon@tailimsong.com
8111 LBJ Freeway, Suite 480

              Dallas, Texas 75251
              (214) 528-8400 Telephone
              (214) 528-8402 Facsimile
              **ATTTORNEYS FOR PLAINTIFF**