**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BELTEX CORPORATION d/b/a** | § | |
| **FRONTIER MEATS,** | § | |
| | § | |
|   **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:19-cv-00133** |
| **v.** | § | |
| | § | |
| **ROBERT HEATH TRUCKING, INC.** | § | |
| **and ROBERT HEATH LOGISTICS, INC.,** | § | |
| | § | |
|   **Defendants.** | § | |

## DEFENDANT ROBERT HEATH TRUCKING, INC.'S ANSWER

**TO THE UNITED STATES DISTRICT COURT**:

    Defendant Robert Heath Trucking, Inc. ("Defendant") files this Answer and respectfully shows the Court as follows:

1. Defendant is without sufficient information to admit or deny the allegations of paragraph 1 of the Plaintiff's Original Petition ("Complaint"), and accordingly these allegations are denied.

2. Defendant admits the allegations of paragraph 2 of the Complaint.

3. Defendant admits the allegations of paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint requires no admission or denial.

5. Defendant admits that Plaintiff seeks the sums stated in paragraph 5 of the Complaint but denies Plaintiff is entitled to recover said sums.

6. Defendant admits the allegations of paragraph 6 of the Complaint.

7. Defendant denies the allegations of paragraph 7 of the Complaint.

8. Defendant admits the allegations of paragraph 8 of the Complaint.

9.  Defendant admits the allegations of paragraph 9 of the Complaint.

10. Defendant denies that it entered into the agreement alleged in paragraph 10 of the Complaint.

11. Defendant is without sufficient information to admit or deny the allegations of paragraph 11 of the Complaint, and accordingly these allegations are denied.

12.  Defendant is without sufficient information to admit or deny the allegations of paragraph 12 of the Complaint, and accordingly these allegations are denied.

13. Defendant did not transport the shipment at issue. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 13 of the Complaint, and accordingly these allegations are denied.

14. Defendant did not transport the shipment at issue. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 13 of the Complaint, and accordingly these allegations are denied.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant did not transport the shipment at issue. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 16 of the Complaint, and accordingly these allegations are denied.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant incorporates its admissions and denials to paragraphs 1-17 of the Complaint.

19. Defendant denies the allegations of paragraph 17 of the Complaint.

20. Defendant did not transport the shipment at issue. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 20 of the Complaint, and accordingly these allegations are denied.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant did not transport the shipment at issue. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 22 of the Complaint, and accordingly these allegations are denied.

23. Defendant incorporates its admissions and denials to paragraphs 1-22 of the Complaint.

24. Defendant did not transport the shipment at issue. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 24 of the Complaint, and accordingly these allegations are denied.

25. Defendant did not transport the shipment at issue. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 25 of the Complaint, and accordingly these allegations are denied.

26. Defendant did not transport the shipment at issue. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 26 of the Complaint, and accordingly these allegations are denied.

27. Defendant incorporates its admissions and denials to paragraphs 1-26 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant is without sufficient information to admit or deny the allegations of

   paragraph 34 of the Complaint, and accordingly these allegations are denied.

35. Defendant denies the Prayer of the Complaint.

## **AFFIRMATIVE DEFENSES**

36. All claims alleged against Defendant are preempted by the Carmack Amendment to

   the Interstate Commerce Act, 49, U.S.C. 14706.

37. All claims alleged against Defendant are barred by the Defendant's tariff, federal

   statutes, federal regulations and the applicable shipping documents.

38. Defendant did not transport, pick up, deliver or touch the shipment made the basis of

   this case, and as such, Plaintiff's claims against this Defendant are groundless,

   frivolous and without factual support.

39. Plaintiff lacks the standing to assert a claim for relief in this matter.

40. Plaintiff is not damaged in the amount alleged.

41. Plaintiff failed to mitigate its alleged losses.

42. Plaintiff is attempting to hold Defendant responsible for the actions of a third party.

   To the extent that the alleged damage made the basis of this case was caused by the

   negligence of any third party, or the Plaintiff herein, Defendant pleads contributory

   negligence, comparative negligence, and other mitigation of negligence.

43. To the extent that Plaintiff's claims and/or damages, if any, were caused in whole or in part by the actions or omissions of Plaintiff, the consignor, or the consignee, they should be reduced and/or mitigated accordingly.

44. Defendant's liability for any damage done to the shipment, if any, is limited by any valid limitation of liability contained in applicable tariffs, contracts and shipping documents..

45. Plaintiff's remedies are limited by the Bill of Lading and any applicable tariffs, as well as by the applicable documents incorporated therein.  Defendant affirmatively pleads the benefit of any applicable limitation of liability contained in any applicable tariff, the bill of lading, terms and conditions, or under applicable law.

46. Defendant asserts that to the extent Plaintiff failed to meet the minimum filing requirements of a claim within the time or format prescribed by the terms of the governing contract, and/or any applicable tariff, or failed to perform other conditions precedent to recovery, this lawsuit is barred.

47. Defendant asserts that proposals, bills of lading contracts, tariffs, classifications and other governing publications do not contemplate responsibility for special or consequential damages. To the extent Plaintiff seeks recovery for special or consequential damages said documents and federal law prohibit such recovery.

48. To the extent that any damage to the cargo at issue was caused by the shipper, a public enemy, a public authority, an act of God, or the inherent nature of the cargo, Defendant affirmatively pleads that it is not responsible for damage.

49. Defendant is not liable for any defect, characteristic, or inherent vice of the cargo. Defendant pleads and adopts by reference the terms and conditions contained in any applicable tariff, as amended from time-to-time, and on the bill of lading.

50. Defendant affirmatively pleads that it is not liable for the improper or insufficient packing or loading of the cargo in question.

51. Defendant affirmatively pleads that it is not liable for damage to the cargo that occurred prior or subsequent to the incident giving rise to this lawsuit.

52. Defendant denies that it was on notice or had knowledge of any facts that entitle Plaintiff to recover special, incidental or consequential damages.

53. Plaintiff was at all relevant times a sophisticated shipper, and Plaintiff is barred and estopped from denying the applicable limitations of liability in the Contract between Plaintiff and any party under which Plaintiff made numerous shipments, and Plaintiff is barred and estopped from denying the applicable limitations of liability in Defendant's tariff which governed Plaintiff's shipment.

54. Plaintiff was at all relevant times a sophisticated shipper, and Plaintiff is barred and estopped from denying that it negotiated the terms and rates of the Contract pursuant to which Plaintiff arranged  numerous shipments.

55. Defendant reserves its right to assert any and all further affirmative defenses that may become known during the course of this lawsuit.

56. Plaintiff has failed to state a claim upon which relief may be granted against this defendant.

57. Plaintiff has misidentified Defendant as the carrier for the shipment at issue, and therefore, has sued the wrong party.

Respectfully submitted,

 /s/ Vic H. Henry
Vic H. Henry
vhhenry@hoaf.com
TBA No. 09484250
**HENRY ODDO AUSTIN & FLETCHER,**
    **a Professional Corporation**
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone:  (214) 658-1900
Facsimile:  (214) 658-1919

**ATTORNEYS FOR DEFENDANTS**
**ROBERT HEATH TRUCKING, INC.**


<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on the 20th day of February, 2019, a true and correct copy of the foregoing was served on the following counsel of record via the Court's e-filing service:

Haben Tewelde
btewelde@tailimsong.com
Tailim Song
tsong@tailimsong.com
Jordan Whiddon
jwhiddon@tailimsong.com
Tailim Song Law Firm
8111 LBJ Freeway
Suite 480
Dallas, TX 75251


     /s/ Vic H. Henry
     Vic H. Henry