**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BELTEX CORPORATION d/b/a** | § | |
| **FRONTIER MEATS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:19-cv-00133** |
| **v.** | § | |
| | § | |
| **ROBERT HEATH TRUCKING, INC.** | § | |
| **and ROBERT HEATH LOGISTICS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT ROBERT HEATH LOGISTICS, INC.'S ANSWER

**TO THE UNITED STATES DISTRICT COURT**:

Defendant Robert Heath Logistics, Inc. ("Defendant Logistics"), misnamed as Robert Heath Logistic, Inc., files this Answer and respectfully shows the Court as follows:

1. Defendant Logistics is without sufficient information to admit or deny the allegations of paragraph 1 of the Plaintiff's Original Petition ("Complaint"), and accordingly these allegations are denied.

2. Defendant Logistics admits the allegations of paragraph 2 of the Complaint.

3. Defendant Logistics admits the allegations of paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint requires no admission or denial.

5. Defendant Logistics admits that Plaintiff seeks the sums stated in paragraph 5 of the Complaint but denies Plaintiff is entitled to recover said sums.

6. Defendant Logistics admits the allegations of paragraph 6 of the Complaint.

7. Defendant Logistics denies the allegations of paragraph 7 of the Complaint.

8. Defendant Logistics admits the allegations of paragraph 8 of the Complaint.

9.  Defendant Logistics admits the allegations of paragraph 9 of the Complaint.

10. Defendant Logistics  admits that it agreed to arrange transportation of a shipment of meat from Fort Worth, Texas to California.  Defendant Logistics denies the remaining allegations in paragraph 10 of the Complaint.

11. Defendant Logistics is without sufficient information to admit or deny the allegations of paragraph 11 of the Complaint, and accordingly these allegations are denied.

12.  Defendant Logistics is without sufficient information to admit or deny the allegations of paragraph 12 of the Complaint, and accordingly these allegations are denied.

13. Defendant Logistics did not transport the shipment at issue. Defendant Logistics is without sufficient information to admit or deny the remaining allegations of paragraph 13 of the Complaint, and accordingly these allegations are denied.

14. Defendant Logistics did not transport the shipment at issue. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 13 of the Complaint, and accordingly these allegations are denied.

15. Defendant Logistics denies the allegations of paragraph 15 of the Complaint.

16. Defendant Logistics did not transport the shipment at issue. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 16 of the Complaint, and accordingly these allegations are denied.

17. Defendant Logistics denies the allegations of paragraph 17 of the Complaint.

18. Defendant Logistics incorporates its admissions and denials to paragraphs 1-17 of the Complaint.

19. Defendant Logistics denies the allegations of paragraph 17 of the Complaint.

20. Defendant Logistics denies the allegations of paragraph 20 of the Complaint.

21. Defendant Logistics denies the allegations of paragraph 21 of the Complaint.

22. Defendant Logistics denies the remaining allegations of paragraph 22 of the Complaint.

23. Defendant Logistics incorporates its admissions and denials to paragraphs 1-22 of the Complaint.

24. Defendant Logistics did not transport the shipment at issue. Defendant Logistics denies the remaining allegations of paragraph 24 of the Complaint.

25. Defendant Logistics denies the allegations of paragraph 25 of the Complaint.

26. Defendant Logistics denies the allegations of paragraph 26 of the Complaint.

27. Defendant Logistics incorporates its admissions and denials to paragraphs 1-26 of the Complaint.

28. Defendant Logistics denies the allegations of paragraph 28 of the Complaint.

29. Defendant Logistics denies the allegations of paragraph 29 of the Complaint.

30. Defendant Logistics denies the allegations of paragraph 30 of the Complaint.

31. Defendant Logistics denies the allegations of paragraph 31 of the Complaint.

32. Defendant Logistics denies the allegations of paragraph 32 of the Complaint.

33. Defendant Logistics denies the allegations of paragraph 33 of the Complaint.

34. Defendant Logistics is without sufficient information to admit or deny the allegations of paragraph 34 of the Complaint, and accordingly these allegations are denied.

35. Defendant Logistics denies the Prayer of the Complaint.

## **AFFIRMATIVE DEFENSES**

36. All claims alleged against Defendant Logistics are preempted by the Carmack Amendment to the Interstate Commerce Act, 49, U.S.C. 14706.

37. Defendant Logistics denies that it had any contractual or other duties to Plaintiff other than to find a carrier to transport the shipment.

38. Plaintiff's claims against this Defendant are barred by federal law, which provides that a claim against the motor carrier is the exclusive cause of action for damage to an interstate shipment.

39. Defendant Logistics did not transport, pick up, deliver or touch the shipment made the basis of this case, and as such, Plaintiff's claims against this Defendant are groundless, frivolous and without factual support.

40. Plaintiff lacks the standing to assert a claim for relief in this matter.

41. Plaintiff is not damaged in the amount alleged.

42. Plaintiff failed to mitigate its alleged losses.

43. Plaintiff is attempting to hold Defendant Logistics responsible for the actions of a third party, the interstate motor carrier, Legal Freightlines, Inc.. To the extent that the alleged damage made the basis of this case was caused by the negligence of any third party, or the Plaintiff herein, Defendant Logistics pleads contributory negligence, comparative negligence, and other mitigation of negligence.

44. To the extent that Plaintiff's claims and/or damages, if any, were caused in whole or in part by the actions or omissions of Plaintiff, the consignor, or the consignee, they should be reduced and/or mitigated accordingly.

45. To the extent Plaintiff seeks recovery for special or consequential damages the shipping documents, tariffs, federal regulations and federal statutes prohibit such recovery.

46. To the extent that any damage to the cargo at issue was caused by the shipper, a public enemy, a public authority, an act of God, or the inherent nature of the cargo, Defendant Logistics affirmatively pleads that it is not responsible for any alleged loss or damage.

47. Defendant Logistics is not liable for any defect, characteristic, or inherent vice of the cargo.  Defendant pleads and adopts by reference the terms and conditions contained in any applicable tariff, as amended from time-to-time, and on the bill of lading.

48. Defendant Logistics affirmatively pleads that it is not liable for any improper or insufficient packing or loading of the cargo in question.

49. Defendant Logistics affirmatively pleads that it is not liable for damage to the cargo that occurred prior or subsequent to the shipment.

50. Defendant Logistics denies that it was on notice or had knowledge of any facts that entitle Plaintiff to recover special, incidental or consequential damages.

51. Plaintiff was at all relevant times a sophisticated shipper, and Plaintiff is barred and estopped from denying the applicable limitations of liability in the Contract between Plaintiff and any party under which Plaintiff made numerous shipments, and Plaintiff is barred and estopped from denying the applicable limitations of liability in any tariff which governed Plaintiff's shipment.

52. Defendant reserves its right to assert any and all further affirmative defenses that may become known during the course of this lawsuit.

53. Plaintiff has failed to state a claim upon which relief may be granted against this defendant.

54. Plaintiff has misidentified Defendant Logistics as the carrier for the shipment at issue, and therefore, has sued the wrong party.

WHEREFORE, Defendant Robert Heath Logistics, Inc. respectfully requests that the Court enter a judgment that Plaintiff take nothing by its action against this Defendant, and that Defendant recover its costs, together with such other and further relief to which Defendant may demonstrate itself justly entitled.

Respectfully submitted,

 /s/ Vic H. Henry
Vic H. Henry
vhhenry@hoaf.com
TBA No. 09484250
**HENRY ODDO AUSTIN & FLETCHER,**
      **a Professional Corporation**
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone:  (214) 658-1900
Facsimile:   (214) 658-1919

**ATTORNEYS FOR DEFENDANT**
**ROBERT HEATH LOGISTICS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2019, a true and correct copy of the foregoing was served on the following counsel of record via the Court's e-filing service:

Haben Tewelde
btewelde@tailimsong.com
Tailim Song
tsong@tailimsong.com
Jordan Whiddon
jwhiddon@tailimsong.com
Tailim Song Law Firm
8111 LBJ Freeway
Suite 480
Dallas, TX 75251

/s/ Vic H. Henry _____
Vic H. Henry