IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BELTEX CORPORATION d/b/a** § | | |
| **FRONTIER MEATS,** § | | |
| § | | |
|   Plaintiff, § | | |
| § | CIVIL ACTION NO. 4:19-cv-00133 | |
| v. § | | |
| § | | |
| **ROBERT HEATH TRUCKING, INC.** § | | |
| **and ROBERT HEATH LOGISTICS, INC.,** § | | |
| § | | |
|   Defendants. § | | |

## THIRD PARTY COMPLAINT

Defendant and Third Party Plaintiff Robert Heath Logistics, Inc. (hereinafter referred to as "Third Party Plaintiff" or "RH Logistics") for its Third Party Complaint against Legal Freightlines, LLC (hereinafter referred to as "Legal Freightlines" or "Third Party Defendant") states as follows:

### I. PARTIES

1.    Third Party Plaintiff RH Logistics is a Texas corporation doing business in Texas and has appeared herein through its counsel.

2.    Third Party Defendant Legal Freightlines, Inc. is a citizen and resident of California with its principal place of business in Union City, California, which may be served herein by serving its registered FMCSA agent in Texas, All States Truck Permits, 128 East 5th Street, Hereford Texas, 79045.

### II. JURISDICTION AND VENUE

3.    Third Party Defendant entered into a contract with RH Logistics to provide transportation services to RH Logistics' customers. Third Party Defendant picked up the

shipment made the basis of this action in Fort Worth, Texas, and eventually transported the shipment to California. Third Party Defendant's purposeful actions in Texas are the source of both Plaintiff's and RH Logistics' claims in this litigation. Upon information and belief, Third Party Defendant has continuously and frequently provided transportation services for interstate shipments moving in and out of the State of Texas.

4. Venue is proper in this District and Division because the shipment made the basis of this case, and for which Third Party Defendant provided interstate transportation services, originated in this District and Division.

### III. FACTUAL BACKGROUND

5. On or about August 31, 2016, RH Logistics as broker and Third Party Defendant as motor carrier, entered into a Contract for Transportation Services ("Broker Carrier Contract"). In the Broker Carrier Contract, Third Party Defendant agreed to carry and keep in full force at all times cargo insurance to fully cover the shipments brokered by RH Logistics to Third Party Defendant. The Broker Carrier Contract also provided that Third Party Defendant would indemnify and hold RH Logistics harmless from any and all claims arising from Third Party Defendant's transportation of shipments brokered by RH Logistics. This indemnity included indemnifying RH Logistics for all court costs and attorney's fees incurred in defending claims arising from shipments transported by Third Party Defendant.

6. On or about May 2, 2018, RH Logistics transmitted a Carrier Confirmation to Third Party Defendant. The Carrier Confirmation directed Third Party Defendant to pick up a shipment of meat from Plaintiff Frontier Meats on May 2, 2018 and deliver the shipment to three locations in California on May 4, 2018 (the "Shipment"). Third Party Defendant accepted the Shipment for transportation to California.

7. At no time did RH Logistics accept possession, custody or control of the Shipment. At no time did RH Logistics act as the motor carrier for the Shipment, and as such, RH Logistics has no liability to Plaintiff Frontier Meats for the Shipment. Third Party Plaintiff has denied Plaintiff Frontier Meats' claims. [Dkt. #5]

8. RH Logistics has been sued in this action arising from the transportation of the Shipment picked up and transported by Third Party Defendant. Because RH Logistics was the broker for the Shipment, any loss or damage to the Shipment is the sole responsibility of Third Party Defendant, not RH Logistics. Third Party Plaintiff has presented this action to Third Party Defendant for defense and indemnity under the Broker Carrier Contract, but Third Party Defendant has not assumed RH Logistics' defense or agreed to indemnify RH Logistics.

9. Third Party Defendant has communicated to RH Logistics that Third Party Defendant did not have insurance coverage for transportation of the Shipment.

10. All conditions precedent to assertion of this Third Party Claim have been performed.

## IV. CLAIMS FOR RELIEF

11. **Breach of Contract.** Third Party Defendant had a contractual duty to carry and keep in full force cargo insurance to fully cover the Shipment. Third Party Defendant breached its duty for the Shipment because it did not have cargo insurance for the Shipment.

12. Third Party Plaintiff RH Logistics has been damaged by Third Party Defendant's breach to the extent that Plaintiff recovers any damages from RH Logistics arising from loss or damage to the Shipment and to the extent that any loss or damage to the Shipment is not covered by Third Party Defendant's cargo insurance coverage.

13. **Contribution.**  Third Party Defendant had a duty to deliver the Shipment pursuant to the Carrier Confirmation and pursuant to its duties as an interstate motor carrier. Third Party Defendant breached these duties in transporting the Shipment.  RH Logistics has been damaged by Third Party Defendant's breach of its duties to the extent that Plaintiff recovers any damages from RH Logistics arising from loss or damage to the Shipment.

14. **Indemnity.**  Third Party Defendant agreed to hold Third Party Plaintiff harmless from any and all claims arising from Third Party Defendant's transportation of the Shipment. Despite demand, Third Party Defendant has breached the Broker Carrier Contract by failing and refusing to hold harmless, defend and indemnify Third Party Plaintiff in this action.  RH Logistics accordingly sues Third Party Defendant for indemnity in the amount of any damages awarded to Plaintiff Frontier Meats and against RH Logistics, all reasonable and necessary attorney's fees and expenses incurred by RH Logistics in defending this action, costs of court, together with general relief.

WHEREFORE, for the reasons stated herein, Third Party Plaintiff RH Logistics respectfully requests that summons be issued for Third Party Defendant Legal Freightlines, LLC, and that upon hearing, the Court award Third Party Plaintiff damages in an amount not less than any damages awarded to Plaintiff Frontier Meats against Third Party Plaintiff, all reasonable and necessary attorney's fees and expenses incurred by Third Party Plaintiff in defending this action, costs of court, together with such other and further relief to which Third Party Plaintiff may demonstrate itself justly entitled.

Respectfully submitted,

*/s/ Vic H. Henry*
Vic H. Henry
Attorney-In-Charge
TBA No. 09484250
vhhenry@hoaf.com
Emileigh Hubbard
TBA No. 24076717
ehubbard@hoaf.com

**HENRY ODDO AUSTIN & FLETCHER,**
       **a Professional Corporation**
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone:  (214) 658-1900
Facsimile:   (214) 658-1919

**ATTORNEYS FOR THIRD PARTY PLAINTIFF ROBERT HEATH LOGISTICS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2019, a true and correct copy of the foregoing was served via electronic service via the Court's electronic filing system on counsel of record.

*/s/ Vic H. Henry*
Vic H. Henry