**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| BELTEX CORPORATION d/b/a FRONTIER MEATS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-00133 |
| ROBERT HEATH TRUCKING, INC. and ROBERT HEATH LOGISTICS, INC., | § § § § | |
| Defendants, | § § | |
| v. | § § | |
| LEGAL FREIGHTLINES, LLC. | § § | |
| Third Party Defendant. | § | |

## PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS

**TABLE OF CONTENTS**

INTRODUCTION ……………………………………………………………………………..1

STATEMENT OF FACTS………………………………………………………………..1, 2

RESPONSE TO DEFENDANTS' MOTION TO DISMISS……...…………………………….2

REQUEST TO AMEND……………………………………………………………………..5

CONCLUSION……………………………………………………………………………6

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Armstrong v. Ashley*, 918 F.3d 419, 423 (5th Cir. 2019)……………………………………………5

*Berk-Cohen Assocs., L.L.C. v. Orkin Exterminating Co.*, 2004 U.S. Dist. LEXIS 694 at *4 (E.D. La. 2004)……………………………………………………………………………………………...5, 6

*Delhomme v. Caremark Rx, Inc.*, 232 F.R.D. 573, 577 (N.D. Tex. 2005)…………………………..7

*In Re General Purpose Steel*, 469 B.R. 602, 604-05 (Bankr. W.D. Pa. 2012)……………………5, 6

 *Stevens v. Showalter*, 458 B.R. 852, 856-58 (D. Md. 2011)…………………………………...5, 6, 7


**Rules**

Fed. R. Civ. P. 12(b) ……………………………………………………………………….......1

Fed. R. Civ. P. 12(b)(6) ……………………………………………………………………….1

Fed. R. Civ. P. 12(c)…………………………………………………………………………….5,6,7

Fed. R. Civ. P. 12 (h)(2)……………………………………………………………………….7

Fed. R. Civ. P. 56…………………………………………………………………………...7

## INTRODUCTION

1.  Plaintiff Beltex Corporation d/b/a Frontier Meats ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendants' Robert Heath Trucking, Inc. and Robert Heath Logistics, Inc. (hereinafter "Defendants") Motion to Dismiss pursuant to Rule 12(b)(6).

2.  Defendants move to dismiss all claims put forth in Plaintiff's Complaint, but Defendants' motion is improper and untimely according to the relevant law. Defendants incorrectly filed their Motion to Dismiss after filing their answers in the present case. In filing answers in this case, Defendants waived their right to a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Therefore, this Court should deny Defendants' Motion.

## STATEMENT OF FACTS

*3.* On February 13, 2019, Defendants Robert Heath Trucking, Inc. and Robert Heath Logistics, Inc. filed their Notice of Removal which removed cause number 236-304923-18 entitled *Beltex Corporation d/b/a Frontier Meats v. Robert Heath Trucking, Inc. et al.* in the 236th Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas Fort Worth Division.

4.  On February 20, 2019, Defendant Robert Heath Trucking, Inc. filed their Answer in the current action being Civil Action No. 4:19-CV-00133 in the United States District Court for the Northern District of Texas Fort Worth Division.

5.  On February 21, 2019, Defendant Robert Heath Logistics, Inc. filed their Answer in the current action being Civil Action No. 4:19-CV-00133 in the United States District Court for the Northern District of Texas Fort Worth Division.

6.      On April 9, 2019, Defendants Robert Heath Trucking, Inc. and Robert Heath Logistics, Inc. (collectively hereinafter "Defendants") filed their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## RESPONSE TO DEFENDANTS' MOTION TO DISMISS

7.      Rule 12(b)(6) allows a defendant to dispose of all or some of a plaintiff's claims at the beginning of a case for "failure to state a claim upon which relief can be granted". Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Fed. R. Civ. P. 12(b) "*must* be made before" filing an answer or any other responsive pleading. *Id.* (emphasis added). A 12(b)(6) motion filed after filing an answer can be denied for being untimely. *Berk-Cohen Assocs., L.L.C. v. Orkin Exterminating Co.*, 2004 U.S. Dist. LEXIS 694 at *4 (E.D. La. 2004); *see Armstrong v. Ashley*, 918 F.3d 419, 423 (5th Cir. 2019) (upholding denial of 12(b)(6) filed after pleadings as untimely). Though the court may convert an untimely 12(b)(6) motion into a 12(c) motion for judgment on the pleadings, courts have declined to do so when the 12(b)(6) motion was filed much later than the answer or if the motion would otherwise unfairly prejudice the nonmovant. *See Berk-Cohen*, 2004 U.S. Dist. LEXIS 694 at *3-*5; *In Re General Purpose Steel*, 469 B.R. 602, 604-05 (Bankr. W.D. Pa. 2012); *Stevens v. Showalter*, 458 B.R. 852, 856-58 (D. Md. 2011). It is beyond dispute that the motion was untimely by the language of Rule 12(b)(6). *See Stevens*, 458 B.R. at 857. The motion should not be construed as a 12(c) motion for judgment on the pleadings because the motion was filed forty-eight (48) days late, because considering the motion would unfairly prejudice Plaintiff, and because Defendants have several other options for motions that could provide them the same relief.

8.      When a defendant makes a 12(b)(6) motion to dismiss much later than they filed an answer, courts have refused to convert the motion into a 12(c) motion for judgment on the pleadings and have denied the motion as untimely. *See Berk-Cohen*, 2004 U.S. Dist. LEXIS 694 at *3-*5; *Stevens*, 458

B.R. at 856-58. In *Stevens*, the court held that a 12(b)(6) motion could be denied as untimely when it was filed five months after the answer. 458 B.R. at 856-58. The court noted that there must come a point when "a defendant no longer retains the right to claim that he has been prejudiced by deficiencies in a plaintiff's complaint." *Id.* at 856. The court also reasoned that the denial of the 12(b)(6) motion did not impact the defendant's ability to file a 12(c) motion, and thus the defense was not prejudiced. *Id.* Similarly, in *Berk-Cohen* the court denied a 12(b)(6) motion as untimely when it was filed seven months after the answer. 2004 U.S. Dist. LEXIS 694 at *3-*5.

9.  Even if the 12(b)(6) motion is filed only *minutes* after the answer, courts will deny the motion as untimely if considering the motion would be patently unfair to the nonmovant. *See General Steel*, 469 B.R. at 604-05. In *General Steel*, the court denied a 12(b)(6) motion that was filed "a few minutes" after the answer because it was untimely. *Id.* at 604. The court reasoned that the movant was trying to "game the Rules." *Id.* at 605 (internal punctuation omitted). In that case, because 12(b)(6) motions are not allowed to introduce factual matter, the movant had filed the answer prior to the 12(b)(6) motion so that the motion could rely on factual matters contained in both the answer and the complaint. *Id.* at 604.

10. On the other hand, a court may consider the 12(b)(6) motion as a 12(c) motion for judgment on the pleadings when the motion was filed within a month of an amended answer. *See Delhomme v. Caremark Rx, Inc.*, 232 F.R.D. 573, 577 (N.D. Tex. 2005). In *Delhomme* the court considered, but ultimately denied, a 12(b)(6) motion which was filed after the responsive pleadings when "failure to state a claim" was listed as an affirmative defense in the answer. *Id.* at 575. However, the 12(b)(6) motion in that case was only filed thirty-one (31) days after the amended answer. Docket, *Delhomme*, 252 F.R.D. 575. In this case, a full forty-eight (48) days passed before Defendants filed their 12(b)(6).

11. In the present case, Defendants' 12(b)(6) motion should be denied as untimely because it was filed forty-eight (48) days after the answer was filed, because consideration of the motion would be unfair to the Plaintiff, and because Defendants are deprived of no procedural right by the denial of the motion.

12. Courts have held that similar delays in filing a 12(b)(6) motion constitute a forfeiture of "the right to claim that [the defendant] has been prejudiced by deficiencies in a plaintiff's complaint. *Stevens, 458* B.R. at 856-58; *see also Berk-Cohen*, 2004 U.S. Dist. LEXIS 694 at *3-*5 . Defendants were nearly two months late filing their 12(b)(6) motion. Such delay should not be excused given the clear command of Rule 12(b) that such a motion "*must* be made before pleading." Fed. R. Civ. P. 12(b).

13. Further, there is no apparent reason why Defendants were unable to file its 12(b)(6) motion prior to filing its answers. The arguments contained in its 12(b)(6) motions are nearly identical to those contained in the answer. If Defendants were to make a 12(b)(6) motion, they should have made the motion before filing their answers, or at least sooner thereafter than forty-eight (48) days.

14. In light of the unexplained delay of forty-eight (48) days, it would be unfair to the plaintiff to consider the motion. As the court held in *General Steel*, considering the 12(b)(6) motion allows for Defendants to "game" the system. *See* 469 B.R. at 604.

15. Further, Defendants are deprived of no procedural rights by the denial of their 12(b)(6) motion. Under Fed. R. Civ. P. 12(h)(2) they remain free to file a 12(c) motion for judgment on the pleadings or even to raise the issue at trial, as they should have done in the first place. *See Stevens*, 458 B.R. at 857. Further, under Fed. R. Civ. P. 56, Defendants could have challenged the sufficiency of Plaintiff's claims with a motion for summary judgment. *See id.* The variety of options available to Defendants demonstrate that they would suffer no injustice if the motion were denied for untimeliness.

16. Because the 12(b)(6) motion was filed forty-eight (48) days late, because considering the untimely motion would be unfair to the Plaintiff, and because Defendants have a wide multitude of alternative motions available to them which could provide the same relief, the motion should not be considered as a 12(c) motion for judgment on the pleadings and should instead be denied as untimely.

### REQUEST TO AMEND

17. If for some reason the Court determines that Defendants' Motion is not barred, then the Court should give Plaintiff an opportunity to amend their pleadings. It is well settled under Rule 15(a) that leave to amend should be "freely given when justice so requires." The Supreme Court has emphasized that "[t]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962). Moore's Federal Practice explains that "[a] liberal, pro amendment ethos dominates the intent and judicial construction of Rule 15(a)." MOORE'S FED. PRAC. § 15.14[1] at 15-24, 25 (3d ed. 2013). Moore's advises that "[i]n exercising its discretion, the court should be guided by the underlying purpose of allowing amendments to facilitate a decision on the merits" and "[t]he policy in favor of allowing amendments is extremely liberal." *Id.* at 15-25, 26.

18. Plaintiff would amend their pleadings to add a claim under the Carmack Amendment to the Interstate Commerce Act (the "Carmack Amendment"), 49 U.S.C. § 14706, *et seq*. Defendants, in their own Motion to Dismiss and removal of this case from State to Federal Court, have admitted that a Carmack claim is appropriate in this case.

19. Should the Court determine that one or more of the challenged claims fail to state a claim or are otherwise barred, then Plaintiff should be permitted to amend, since there is no undue delay, bad faith, dilatory motive, or undue prejudice.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that Defendants' Motion to Dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be denied. Plaintiff requests such other and further relief to which they may demonstrate themselves justly entitled.

Dated:  June 5, 2019                                                    Respectfully submitted,

**TAILIM SONG LAW FIRM**

*/s/ Tailim Song*
_____
TAILIM SONG
State Bar No. 00792845
tsong@tailimsong.com
8111 LBJ Freeway, Suite 480
Dallas, Texas 75251
(214) 528-8400 Telephone
(214) 528-8402 Facsimile

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

On June 5, 2019, I conferred with Vic H. Henry, attorney for Defendants, and he reserves judgment on this motion until he can examine it.

*/s/ Tailim Song*
_____
Tailim Song

## CERTIFICATE OF SERVICE

On June 5, 2019, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or *pro se* parties of record by a manner authorized by Federal Rules of Civil

Procedure 5(b)(2).

*/s/ Tailim Song*

_____

Tailim Song

7