IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **BELTEX CORPORATION d/b/a FRONTIER MEATS,** § § § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 4:19-cv-00133 |
| v. § | |
| § | |
| **ROBERT HEATH TRUCKING, INC. and ROBERT HEATH LOGISTICS, INC.,** § § § § | |
| Defendants. | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The Carmack Amendment to the Interstate Commerce Act (the "Carmack Amendment") completely preempts Plaintiff Beltex Corporations d/b/a Frontier Meats' ("Plaintiff") state law claims for breach of contract, negligence, gross negligence, exemplary damages, and attorney's fees against Defendants Robert Heath Trucking, Inc. and Robert Heath Logistics, Inc. ("Defendants").  However, instead of addressing the substantive issue of federal preemption of the entirety of Plaintiff's claims, Plaintiff's response argues solely that Defendants' motion should be denied because it was filed "untimely." Furthermore, Plaintiff appears to concede that an amended pleading is required.

Defendants' Motion to Dismiss should be granted.  Courts generally do not deny post-answer Rule 12(b)(6) motions as untimely if, as is the case here, the defense raised in the motion was previously raised in the answer as an affirmative defense.  In such circumstances, the Court may treat the Rule 12(b)(6) motion as a Rule 12(c) motion and consider the motion pursuant to

Rule 12(d).  FED. R. CIV. P. 12(b)(6); 12(c); 12(d).  A Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6).  *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009).  Because Plaintiff's claims are solely for damage to cargo transported by a common carrier, such claims are completely preempted by the Carmack Amendment, which provides "the *exclusive* cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier," and should be dismissed.  *Hoskins v. Bekins Van Lines, LLC*, 343 F.3d 769, 778 (5th Cir. 2003).

To the extent Plaintiff seeks to amend its complaint to include a Carmack Amendment claim and dismiss its state law claims, Defendants are unopposed to Plaintiff's request to amend its complaint.  The Court should deny any other proposed amendment of Plaintiff's complaint, as such amendment would be futile.  *See Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010).

## ARGUMENT AND ANALYSIS

### A.    *Defendants' Motion to Dismiss Should be Considered Under Rule 12(c)*

Contrary to Plaintiff's suggestion, "[c]ourts do not routinely deny post-answer Rule 12(b)(6) motions."  *AXA Corporate Solutions v. Lectrus Corporation*, No. 4:15-cv-3606, 2016 WL 6601049, at *2 (S.D. Tex. Nov. 8, 2016) (citing *Puckett v. United States*, 82 F. Supp. 2d 660, 663 (S.D. Tex. 1999)).  As long as Defendants "previously included in the answer the defense raised in the motion, thereby giving notice, then courts generally allow Rule 12(b)(6) motions filed after the answer."  *Puckett*, 82 F. Supp. 2d at 663; *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *see also Delhomme v. Caremark Rx, Inc.*, 232 F.R.D. 573, 575 (N.D. Tex. 2005) (holding a 12(b)(6) motion filed after the answer was timely and properly before the Court because the defendants listed the defense of failure to state a claim as an affirmative defense in their responsive

pleadings).[1]  Indeed, when faced with this issue in the past, this honorable Court has declined to deny a post-answer Rule 12(b)(6) motion as untimely, but instead construed the motion as one seeking dismissal on the basis of the pleadings under Rule 12(c).  *See Gill v. Devlin*, 867 F. Supp. 2d 849, 853 (N.D. Tex. 2012).

It is undisputed that Defendant Robert Heath Logistics, Inc. specifically pleaded the following affirmative defenses and timely gave notice to Plaintiff of the deficiencies in its pleadings:

> 36.    All claims alleged against Defendant Logistics are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 14706.
>
> …
>
> 38.    Plaintiff's claims against this Defendant are barred by federal law, which provides that a claim against the motor carrier is the exclusive cause of action for damage to an interstate shipment.
>
> …
>
> 53.    Plaintiff has failed to state a claim upon which relief may be granted against this defendant.

[Dkt. #5].

Similarly, Defendant Robert Heath Trucking, Inc. specifically pleaded the following affirmative defenses:

> 36.    All claims alleged against Defendant Logistics are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 14706.
>
> 37.    All claims alleged against Defendant are barred by the Defendant's tariff, federal statutes, federal regulations and the applicable shipping documents.
>
> …

---

[1] Plaintiff attempts to distinguish the Court's holding in *Delhomme* from the present case because in *Delhomme*, only thirty-one (31) days elapsed between the date defendants filed responsive pleadings and the date the motion to dismiss was filed.  Here, forty-eight (48) days elapsed between the date Defendants' answers were filed and the date Defendants' Motion to Dismiss was filed.  However, the Court in *Delhomme* did not discuss the amount of time that had elapsed and instead found outright that the motion was timely.  *Delhomme* does not support Plaintiff's supposition that too much time had passed between filings.

>   56.   Plaintiff has failed to state a claim upon which relief may be granted against this defendant.

[Dkt. #4].

Plaintiff bases its responsive arguments primarily on a non-binding decision from the United States District Court for the Eastern District of Louisiana in *Berk-Cohen Associates, LLC v. Orkin Exterminating Co.*, No. 94-3090, 2004 WL 162905 (E.D. La. Jan. 16, 2004), where the Court declined to consider a Rule 12(b)(6) motion as a motion for judgment on the pleadings based on the fact that: (1) the answer predated the motion by seven months; (2) the defendant never notified the Court or any other party that the pleadings were insufficient to state a claim; (3) the controversy had itself been pending for nearly a decade; and (4) the contract at issue and the disagreement between the parties was over two decades old. *Id*. at *2. This is far from factually comparable to the present case where the controversy has only been pending for a few months, Defendants notified Plaintiff of its pleading deficiencies in Defendants' timely filed answers, and Defendants filed their motion to dismiss less than two months after the answers.

Accordingly, Defendants respectfully request that the Court consider Defendants' Motion to Dismiss as timely filed or, in the alternative, as a Motion for Judgment on the Pleadings in accordance with Rule 12(c) of the Federal Rules of Civil Procedure.

**B.**   ***Plaintiff Will Not Suffer Prejudice***

Plaintiff generically states that construing Defendants' Motion to Dismiss as a Rule 12(c) Motion for Judgment on the Pleadings will "unfairly prejudice Plaintiff" and that Defendants are somehow attempting to "game" the system by filing a motion with the Court to have clearly preempted claims dismissed [Dkt. #19 at 2, ¶7]. Although Plaintiff discusses in detail the fact that (in Plaintiff's opinion) Defendants will suffer no prejudice if the Motion to Dismiss is denied,

Plaintiff fails to meet its own burden to demonstrate what type of prejudice will result to Plaintiff if the Court construes Defendants' Motion to Dismiss as a Motion for Judgment on the Pleadings. This is likely because Plaintiff will suffer no prejudice.

Plaintiff has been on notice since February 13, 2019, that its claims were subject to federal law, and specifically the Carmack Amendment, when Defendants filed a Notice of Removal removing this case to this Court [Dkt. #1]. Thereafter, Defendants filed their answers on February 20 and 21, 2019, which further specified that Plaintiff's state law claims were preempted by the Carmack Amendment [Dkt. #4, 5]. On April 9, 2019, Defendants filed the Motion to Dismiss, to which Plaintiff failed to timely respond [Dkt. #14]. Defendants agreed to and the Court granted Plaintiff's Motion for Leave to File a Response, which was filed on June 5, 2019 [Dkt. #16, 17, 18, 19]. Plaintiff has had more than enough time to review the applicable federal statutes and case law, amend its pleadings, and/or draft a substantive response in opposition to Defendants' Motion to Dismiss. Plaintiff did none of the above and now fails to specify what prejudice, if any, will result from the Court's consideration of this motion.

No prejudice to Plaintiff will result from the Court's consideration of Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) as a Motion for Judgment on the Pleadings pursuant to Rule 12(c).

C.   ***Defendants' Motion to Dismiss or for Judgment on the Pleadings Should Be Granted***

"The standard for dismissal on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Gill*, 867 F. Supp. 2d at 543 (citing *Ackerson*, 589 F.3d at 209). Rule 12(b)(6) "authorizes the dismissal of a complaint that fails 'to state a claim upon which relief can be granted.'" *Id*. A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise

a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 556 (2007)).

Assuming all allegations contained in Plaintiff's Original Petition are true, Plaintiff's state law claims against Defendants are simply not plausible claims for relief.  For over one-hundred years, United States Supreme Court has interpreted the Carmack Amendment broadly holding that the Carmack Amendment embraces "**all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation** to the agreed destination." *New York, P. & N. R. Co. v. Peninsula Produce Exch. of Maryland*, 240 U.S. 34, 38 (1916) (emphasis added); *see also Georgia, F. & A. Ry. Co. v. Blish Milling Co*., 241 U.S. 190, 196 (1916) ("the words of the statute are comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation."). Moreover, the Fifth Circuit has likewise found that state law claims, such as breach of contract, negligence, gross negligence, exemplary damages, and attorney's fees, fall within the preemptory scheme enacted by Congress, holding that the Carmack Amendment is "*the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*." *Hoskins*, 343 F.3d at 778 (emphasis in original).  Because Plaintiff is seeking damages from a motor carrier for loss or damage to goods transported in interstate commerce, any claims seeking recovery of those damages (no matter how they are pleaded) fall within the preemptive scope of the Carmack Amendment.

## CONCLUSION

Plaintiff's state law claims are clearly preempted by the Carmack Amendment and cannot survive.  The Court may consider Defendants' motion as either a Motion to Dismiss pursuant to

Rule 12(b)(6) or a Motion for Judgment on the Pleadings pursuant to Rule 12(c). Notwithstanding which federal rule is applied, Defendants' motion should be granted, and Plaintiff's claims should be dismissed with prejudice and Plaintiff ordered to replead a single claim arising under the Carmack Amendment against Defendants.

          Respectfully submitted,

          */s/ Emileigh S. Hubbard*
          Vic H. Henry
          Attorney-In-Charge
          TBA No. 09484250
          vhhenry@hoaf.com
          Emileigh Hubbard
          TBA No. 24076717
          ehubbard@hoaf.com

          **HENRY ODDO AUSTIN & FLETCHER,**
             **a Professional Corporation**
          1700 Pacific Avenue, Suite 2700
          Dallas, Texas 75201
          Telephone: (214) 658-1900
          Facsimile: (214) 658-1919

          **ATTORNEYS FOR THIRD PARTY DEFENDANTS ROBERT HEATH LOGISTICS, INC. AND ROBERT HEATH TRUCKING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2019, a true and correct copy of the foregoing was served via electronic service via the Court's electronic filing system on counsel of record.

          */s/ Emileigh S. Hubbard*
          Emileigh S. Hubbard