```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION

BELTEX CORPORATION              §
                                §
VS.                             §   ACTION NO. 4:19-CV-133-Y
                                §
ROBERT HEATH TRUCKING, INC.,    §
ET AL.                          §
```

## ORDER GRANTING MOTION TO DISMISS
## AND SETTING DEADLINE FOR AMENDED COMPLAINT

Pending before the Court is Defendants' Motion to Dismiss (doc. 14) brought pursuant to Federal Rule of Civil Procedure 12(b)(6). After review of the motion, the related briefs, and the applicable law, the Court concludes that the motion should be and hereby is GRANTED.

Because Defendants asserted the basis for which they now seek dismissal in the answers they filed prior to their motion to dismiss, and because Plaintiff has failed to demonstrate that it will suffer any prejudice, the Court construes Defendants' motion as one for judgment on the pleadings under Rule 12(c). *See Gill v. Devlin*, 867 F. Supp. 2d 849, 853 (2012) (Means, J.) ("Because a post-answer Rule 12(b)(6) motion is untimely, the Court must consider [the] motion to dismiss to be one seeking dismissal on the basis of the pleadings under Rule 12(c)."); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (approving district court's treatment of Rule 12(b)(6) motion to dismiss filed after filing of the defendant's answer as one for judgment on the pleadings under Rule 12(c)). After so doing, and after review of the parties' briefs and the allegations in

Plaintiff's petition, it is clear that the motion must be granted. Plaintiff's state-law claims for breach of contract, negligence, and gross negligence arising as a result of the alleged untimely delivery and resulting spoilage of certain beef goods shipped in interstate commerce by common carrier are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(a)(1). *See Hoskins v. Bekins Van Lines*, 343 F.3d 769, 777-78 (5th Cir. 2003) (concluding that "Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier* [and thus] the complete pre-emption doctrine applies"); *Hayes v. Stevens Van Lines, Inc.* 2015 WL 11023794, *2-4 (N.D. Tex. Jan. 27, 2015) (O'Connor, J.) (dismissing state-law claims for negligence and breach of contract as preempted by the Carmack Amendment).

Plaintiff's response to the motion alternatively requests leave to amend to assert a claim for relief under the Carmack Amendment. (Pl.'s Resp. (doc. 19) 5.) That request is GRANTED. If Plaintiff desires to pursue its claims, it must file an amended complaint asserting a claim under the Carmack Amendment no later than **October 16, 2019**, or its claims will be dismissed.

SIGNED September 18, 2019.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE