IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BELTEX CORPORATION d/b/a FRONTIER MEATS, § § § Plaintiff, § § v. § § ROBERT HEATH TRUCKING, INC. and ROBERT HEATH LOGISTICS, INC., § § § § Defendants, § § v. § § LEGAL FREIGHTLINES, LLC. § § Third Party Defendant | CIVIL ACTION NO. 4:19-cv-00133 |

## ROBERT HEATH DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Defendants Robert Heath Trucking, Inc. and Robert Heath Logistics, Inc. (the "Robert Heath Defendants") file this Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and pursuant to the Court's Order Granting Motion To Dismiss And Setting Deadline For Amended Complaint [Dkt. #22] ("Dismissal Order"). Plaintiff's claims for breach of contract, negligence and attorneys' fees against the Robert Heath Defendants are preempted by the Carmack Amendment to the Interstate Commerce Act (the "Carmack Amendment"), 49 U.S.C. § 14706, *et seq.*, and they ignore the specific terms of the Dismissal Order. Plaintiff's claims for breach of contract, negligence and attorneys' fees against the Robert Heath Defendants are also preempted by the Federal Aviation Administration

1

Authorization Act. In support thereof, the Robert Heath Defendants respectfully show the Court the following:

## BACKGROUND

Plaintiff alleges that it sought and obtained interstate transportation of Plaintiff's meat from Fort Worth, Texas to Los Angeles, California. Plaintiff alleges that on May 2, 2018, it tendered two shipments of meat to Defendant Legal Freightlines and that the shipments were late, mis-delivered and wrongfully destroyed. After the Court specifically held that all of Plaintiff's non-Carmack Amendment claims against the Robert Heath Defendants are preempted, Plaintiff filed its First Amended Complaint, once again asserting non-Carmack claims against the Robert Heath Defendants for breach of contract, negligence and attorney's fees.

## LEGAL STANDARD

Under Rule 12(b)(6), the Court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the [party asserting the claims].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). A plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although detailed factual allegations are not required, Plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The claims must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955).  For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  *Gonzalez* v. Kay, 577 F.3d 600, 603 (5th Cir. 2009).  Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  Id. (internal quotations omitted).

## ANALYSIS

1. ***The Carmack Amendment Completely Preempts Plaintiffs' State Law Claims Arising Out of the Interstate Transportation of Cargo***

The Court has already ruled that Plaintiff's breach of contract, negligence and attorney's fees claims against the Robert Heath Defendants are preempted by the Carmack Amendment.  Specifically, the Court stated:

> Plaintiff's state-law claims for breach of contract, negligence, and gross negligence arising as a result of the alleged untimely delivery and resulting spoilage of certain beef goods shipped in interstate commerce by common carrier are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(a)(1).

Dkt. #22, p. 2.  The Court went on to hold: "If Plaintiff desires to pursue its claims, it must file an amended complaint asserting a claim under the Carmack Amendment…."  *Id.*  However, Plaintiff's First Amended Complaint still asserts claims against the Robert Heath Defendants for state common law breach of contract, negligence and attorney's fees.  Dkt. #23, paragraphs 60-98.  The damages sought under Plaintiff's state common law claims against the Robert Heath Defendants are the same $104,873.79 damages that Plaintiff seeks to recover from the motor carrier defendant, Legal Freightlines, for damage to the cargo being shipped.  See Dkt. # 23, paragraphs 72, 85, 91 and 97.  *See Hayes v. Stevens Van Lines, Inc., No. 4:14-cv-982-O, 2015 WL 11023794 at *3 (N.D. Tex. Jan. 27, 2015)* ("Because Plaintiffs seek damages in the amount of their

3

damaged household items, the Court finds that this claim is preempted by the Carmack Amendment."). The First Amended Complaint's breach of contract, negligence and attorney's fee claims against the Robert Heath Defendants are non-Carmack Amendment claims for damage to the interstate shipment at issue, and as such, these claims are preempted by 49 U.S.C. § 14706 and barred by the Court's Dismissal Order. The breach of contract, negligence and attorney's fee claims should accordingly be dismissed.

2. ***Plaintiff's Common Law Claims Against The Robert Heath Defendants as Brokers Are Preempted by Carmack***

Plaintiff's breach of contract claims against the Robert Heath Defendants assert that as a transportation broker, "Heath …breached its contractual obligations by failing to adequately ensure the safety of the shipment, allowing it to be destroyed." Dtk. #23, para. 71 and 90. The alleged breach of contract damages are the identical damages as the alleged Carmack damages for the loss of the shipment. This purported breach of contract claim is essentially a claim for loss or damage to the interstate shipment against an alleged transportation broker. Regardless how Plaintiff tries to characterize its breach of contract claim, this purported breach of contract claim against the Heath Defendants for loss and damage to the interstate shipment is a Carmack claim, not a breach of contract claim. "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Hoskins v. Bekins Van Lines*, 343 F3d 769, 773 (5th Cir. 2003) quoting *Beneficial Nat'l Bank v. Anderson*, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003). As the *Hoskins* court explained:

> We are persuaded by the preceding decisions and analysis offered by the Supreme Court, and this Court, that Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier. Accordingly, we hold that the complete pre-emption doctrine applies. Because the Carmack Amendment provides the exclusive

cause of action for such claims, we find that Hoskins' claims "only arise[ ] under federal law….

*Hoskins*, 343 F.3d at 778.

Plaintiff's First Amended Complaint attempts to make claims against the Robert Heath Defendants for "failing to adequately ensure the safety of the Shipment, allowing it to be destroyed." Whether these claims are styled as negligence, breach of contract, conversion, or any other state law cause of action, they are preempted. See *Moffit v. Bekins Van Lines, Co*., 6 F.3d 305, 306 (5th Cir. 1993) (holding that Carmack pre-empted all of plaintiff's state law claims including 1) the tort of outrage, 2) intentional and negligent infliction of emotional distress, 3) breach of contract, 4) breach of implied warranty, 5) breach of express warranty, 6) violation of the Texas Deceptive Trade Practices Act sections 17.46 and 17.50, 7) slander, 8) misrepresentation, 9) fraud, 10) negligence and gross negligence, and 11) violation of the common carrier's statutory duties as a common carrier under state law).

Regardless how they are monikered, Plaintiff's common law contract claims against the Robert Heath Defendants as brokers are barred by Carmack.

### 3. *Plaintiff's Negligence Claims Against the Robert Heath Defendants as Brokers Should be Dismissed.*

Plaintiff's claims for negligence are also preempted. Plaintiff's negligence claims against the Robert Heath Defendants assert that the Robert Heath Defendants are liable for negligence as brokers for the shipment at issue. Dkt. #23, paragraphs 74 and 93. For purposes of a Carmack Amendment claim, a broker is defined as:

> a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation.

49 U.S.C. § 13102(2); *Wise Recycling, LLC v. M2 Logistics*, 943 F. Supp. 2d 700, 702–03 (N.D. Tex. 2013). Specifically, Plaintiff alleges that the Robert Heath Defendants failed to hire a reasonably competent motor carrier for Plaintiff's shipment.  Once again, the damages claimed for negligence in the First Amended Complaint are the exact same damages for the loss of the Shipment that Plaintiff claims in its Carmack Amendment cause of action.

Ample case law holds that a Carmack Amendment claim may not be brought against a transportation broker for negligent selection of a motor carrier. *See Chatelaine, Inc. v. Twin Modal, Inc.*, 737 F.Supp.2d 638, 641 (N.D.Tex.2010) (declining to apply Carmack Amendment claim to defendant who acted as a broker, not a carrier); *see also Huntington Operating Corp. v. Sybonney *703 Exp., Inc.*, No. H–08–781, 2009 WL 2423860, at *3 n. 1 (S.D.Tex. Aug. 3, 2009) (holding Carmack Amendment does not extend to transportation brokers and collecting cases).  A broker is not liable for the negligence of its independent contractor trucking company or the driver hired and supervised by that company. *Enbridge Energy, LP v. Imperial Freight Inc.*, 2019 WL 1858881, at *1 (S.D. Tex. April 25, 2019) citing *Dragna v. KLLM Transp. Servs., L.L.C.*, 638 F. App'x 314, 316 (5th Cir. 2016).

Further, even if the Carmack Amendment did not preempt negligence claims against the Robert Heath Defendants, the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501, preempts claims against carriers and brokers alike, including negligence and contract claims.  *See, Wise Recycling, LLC v. M2 Logistics*, 943 F. Supp. 2d at 702–03.

The FAAAA preempts state regulation of the trucking industry, including state-law private claims. *Enbridge Energy, LP v. Imperial Freight Inc.*, 2019 WL 1858881, at *2.   It precludes states from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and

effect of law related to a price, route, or service of any motor carrier [or] broker ... with respect to the transportation of property." 49 U.S.C. § 14501(c)(1).

Plaintiff claims that the Robert Heath Defendants were negligent in "failing to hire a reasonably competent carrier and by hiring one which was improperly insured, exposing Plaintiff's goods to unreasonable risk." Dkt. # 23, para. 76 and 95. The FAAAA preempts common-law negligent hiring claims against freight brokers. *Enbridge Energy, LP v. Imperial Freight Inc.,* 2019 WL 1858881, at *2; *See, e.g., Alpine Fresh v. Jala Trucking*, 181 F. Supp. 3d 250, 253 (D.N.J. 2016) (dismissing the common law negligent hiring claim against the broker alter finding that the FAAAA expressly prohibited state regulation of "interstate services of any ... broker" and that the language "related to a price, route or service of any ... broker" precluded the negligent hiring claim); *Ameriswiss Tech., LLC v. Midway Line of Illinois, Inc*., 888 F. Supp. 2d 197, 201 (D.N.H. 2012) (holding that the shipper's tort claims against the broker were expressly preempted by 49 U.S.C. § 14501(c)(1)). The claim that a broker failed to verify adequate insurance coverage of cargo also falls within the FAAAA and is, therefore, preempted by it. *Huntington Operating Corp. v. Sybonney Exp., Inc.,* No. H–08–781, 2009 WL 2423860, at *3.

Plaintiff's negligence claims are clearly preempted by the FAAAA, and they should be dismissed.

It is important to note that Plaintiff is not left without a remedy in this situation:

> When a state common-law claim against a motor carrier arising out of damage to cargo in interstate transportation is preempted, a plaintiff still has a claim against the carrier under the Carmack Amendment. But, because the Carmack Amendment creates a federal statutory remedy against motor carriers only, when a state common-law claim against a motor private carrier or a broker is preempted by 49 U.S.C. § 14501(c)(1), a plaintiff is left with no claim at all against a defendant who has successfully invoked preemption. While that may seem to be an anomalous result of the interplay between the ICCTA preemption provision and the Carmack Amendment, there is no good basis for arguing that Congress did not intend that result, given its interest in standardizing and simplifying the adjudication of claims arising in the context of interstate shipping. *See Rini*, 104 F.3d at 504. Moreover,

> the ICCTA preemption provision was enacted long after the Carmack Amendment, *see* Robert D. Moseley, Jr. & C. Fredric Marcinak, Federal Preemption in Motor Carrier Selections Cases Against Brokers and Shippers, 39 Transp. L.J. 77, 79 (2012), and, presumably, was enacted with the Carmack Amendment in mind. Finally, it is worth bearing in mind that a plaintiff that loses its common-law claim against an entity such as a broker is not denied an avenue for recovery; such a plaintiff still has its Carmack Act claim against the carrier.

*Ameriswiss Tech., LLC v. Midway Line of Illinois, Inc.*, 888 F. Supp. 2d 197, 207 (D.N.H. 2012).

Plaintiff's claims herein are solely Carmack claims, and Plaintiff's non-Carmack claims should be dismissed.

## CONCLUSION

For the reasons stated herein, Defendants Robert Heath Trucking, Inc. and Robert Heath Logistics, Inc. respectfully request that this Motion to Dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted, and all of Plaintiff's breach of contract, negligence and attorney's fee claims should be dismissed. Defendants request such other and further relief to which they may demonstrate themselves justly entitled.

Respectfully submitted,

 /s/ Vic H. Henry
Vic H. Henry
vhhenry@hoaf.com
TBA No. 09484250

**HENRY ODDO AUSTIN & FLETCHER,**
   **a Professional Corporation**
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone:  (214) 658-1900
Facsimile:   (214) 658-1919

**ATTORNEYS FOR ROBERT HEATH DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2019, a true and correct copy of the foregoing was served on the following counsel of record via the Court's ECF system

Christopher Valentine
Talim Song
Tailim Song Law Firm
8111 LBJ Freeway
Suite 480
Dallas, TX 75251

*/s/ Vic H. Henry* _____
Vic H. Henry

9