IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BELTEX CORPORATION d/b/a <br> FRONTIER MEATS, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT HEATH TRUCKING, INC. <br> and ROBERT HEATH LOGISTICS, INC., <br><br> Defendants, <br><br> v. <br><br> LEGAL FREIGHTLINES, LLC., <br><br> Third Party Defendant. | CIVIL ACTION NO. 4:19-CV-00133 |

### PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION OF DEFENDANTS' SECOND MOTION TO DISMISS

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff Beltex Corporation d/b/a Frontier Meets ("Plaintiff") file this Response and Brief in Opposition of Defendants' Second Motion to Dismiss. Plaintiff's claims against Defendants are not preempted by federal law and the Court's Dismissal Order does not preclude Plaintiff from filing state law claims against the Defendants as brokers. In support thereof, Plaintiff would respectfully show the Court as follows:

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 1

STATEMENT OF FACTS .......................................................................................................... 1

ARGUMENTS AND AUTHORITIES ....................................................................................... 3

**A. Plaintiff's Common Law Claims Are Not Preempted by the Carmack Amendment Because the Heath Defendants Acted as Brokers, and Brokers are Outside the Scope of the Carmack Amendment.** ........................................................................................... 3

**B. Plaintiff's Breach of Contract Claims are Not Preempted by the Federal Aviation Administration Authorization Act Because Courts Have Repeatedly Held that Breach of Contract Claims are Not Preempted.** ........................................................... 7

**C. Plaintiff's Negligence Claims Are Not Preempted by the FAAAA Because Plaintiff's Claims Arise from the State's Safety Regulatory Authority, which is Not Covered by the FAAAA.** ............................................................................................................................. 9

**D. In Good Faith, Plaintiff Interpreted the Court's Order of September 18, 2019 to Allow Plaintiff to Assert Claims Under the Carmack Amendment Against the Heath Defendants *as Carriers* and State Law Claims in the Alternative Against the Heath Defendants *as Brokers*.** ................................................................................................ 12

CONCLUSION .......................................................................................................................... 12

## TABLE OF AUTHORITIES

### Cases

Supreme Court of the United States

*Am. Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995). ...................................................................9

*Am. Trucking Ass'ns., Inc. v. Los Angeles*, 569 U.S. 641 (2013). ..........................................8, 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ......................................................................................3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). ......................................................................3

*City of Columbus v. Ours Garage & Wrecker Serv.*, 536 U.S. 424 (2002).............................10

*Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251 (2013).................................................9, 10

*Rowe v. New Hampshire Motor Transport Assoc.*, 552 U.S. 364 (2008). ........................9, 10

*Sebelius v. Cloer*, 569 U.S. 369, 378 (2013)................................................................................4


Fifth Circuit Court of Appeals

*Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003). ....................................................6

*Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F. 282 (5th Cir. 2002)..................................8

*Moffit v. Bekins Van Lines, Co.*, 6 F.3d 305 (5th Cir. 1993).....................................................6

*Owens v. Jastrow*, 789 F.3d 529 (5th Cir. 2015). .....................................................................2

*VRC, LLC v. City of Dallas*, 460 F.3d 607 (5th Cir. 2006).......................................3, 8, 10, 11


United States District Courts

*Air Liquide Mex. S. de R.L. de C.V. v. Talleres Willie*, NO. H-14-211, 2014 U.S. Dist. LEXIS 76221 (S.D. Tex. June 4, 2014)............................................................................................................3

*Chatelaine, Inc. v. Twin Modal, Inc.*, 737 F. Supp. 2d 638, (N.D. Tex. 2010). ..................3, 4

*Commercial Union Ins. Co. v. Forward Air, Inc.*, 50 F. Supp. 2d 255, 257-58 (S.D.N.Y. 1999)...3, 5

*Cont'l Cas. v. Quick Enters.*, No. 12-2351, 2012 U.S. Dist. LEXIS 90680 at (D.N.J. June 29, 2012).

........................................................................................................................................................5

*Curb Techs., LLC v. Somerset Logistics, LLC*, NO. 3:13-CV-36-WKW [WO], 2013 U.S. Dist. LEXIS 94554 at *5 - *8 (M.D. Ala. July 18, 2013)..............................................................................3

*Custom Cartage, Inc. v. Motorola, Inc*., No. 98-C-5182, 1999 U.S. Dist. LEXIS 1684 at (N.D. Ill. Feb. 16, 1999). ......................................................................................................................................3

*DNOW, L.P. v. Paladin Freight Solutions, Inc.*, No. 4:17-CV-3369, 2018 WL 398235 (S.D. Tex. 2018). .........................................................................................................................................10

*Finley v. Dyer*, No. 3:18-CV-78-DMB-JMV, 2018 WL 5284616 (N.D. Miss. 2018). ......................10

*Hewlett-Packard Co. v. Brother's Trucking Enters.*, 373 F. Supp. 2d 1349 (S.D. Fla. 2005). .............3

*Huffman v. Evans Transportation Services, Inc.* No. H-19-0705, 2019 WL 4143896 (S.D. Tex. 2019). ...........................................................................................................................................10

*Huntington Operating Corp. v. Sybonney Exp., Inc.*, No. H-08-781, 2010 WL 1930087 at *3 (S.D. Tex. 2010)..........................................................................................................................................11

*Morales v. Redco Transport, Ltd.*, No. 5:14-cv-129, 2015 WL 9274068 (S.D. Tex. 2015)..............10

*Navigators Ins. Co. v. Freight Tec Mgmt. Grp., Inc.*, No. 11-C-7, 2011 U.S. Dist. LEXIS 105979 (E.D. Wis. Sep. 19, 2011)..............................................................................................................5

*Northern Marine Underwriters, Ltd. v. FBI Express, Inc.*, No. H-08-2549, 2009 U.S. Dist. LEXIS 45353 (S.D. Tex. May 29, 2009).......................................................................................................5

*Prof'l Communs., Inc. v. Contract Freighters, Inc.*, 171 F. Supp. 2d 546 (D. Md. 2001)...................5

*Richwell Grp., Inc. v. Seneca Logistics Grp., LLC*, No. 17-CV-11442-IT, 2018 U.S. Dist. LEXIS 26436 (D. Mass. Feb. 20, 2018). ........................................................................................................5

*Rohr, Inc. v. UPS-Supply Chain Solutions, Inc.*, 939 F. Supp. 2d 1041 (S.D. Cal. April 8, 2013)......5

*Schneider Elec., USA, Inc. v. Landstar Inway, Inc.*, No. 1:11-CV-00801, U.S. Dist. LEXIS 110270 (S.D. Ohio Aug. 7, 2012). ..............................................................................................................5

*Stroud v. N. Am. Van. Lines, Inc.*, No. 4:09cv285-WCS, U.S. Dist. LEXIS 137872 (N.D. Fla. Oct. 27, 2009). ...........................................................................................................................................5

*Wise Recycling, LLC v. M2 Logistics*, 943 F. Supp. 2d 700 (N.D. Tex. 2013)...............................7, 8

**Statutes**

49 U.S.C. § 13102. ........................................................................................................... 1, 4

49 U.S.C. § 14706. ........................................................................................................... 3, 4

49 U.S.C. § 14704. ............................................................................................................... 4

49 U.S.C. § 15103. ............................................................................................................... 5

49 U.S.C. §14501. ................................................................................................................ 7

49 U.S.C. § 14501(c)(2)(A)................................................................................................. 9

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(6). ............................................................................................. 1, 2, 13

Case 4:19-cv-00133-Y   Document 28   Filed 11/25/19   Page 5 of 18   PageID 174

# INTRODUCTION

1. Plaintiff Beltex Corporation d/b/a Frontier Meats ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendants' Robert Heath Trucking, Inc. and Robert Heath Logistics, Inc. (hereinafter "Heath Defendants") Motion to Dismiss pursuant to Rule 12(b)(6).

2. The Heath Defendants move to dismiss all claims put forth in Plaintiff's First Amended Complaint. However, the Heath Defendants do not address the merits of Plaintiff's claims, instead relying totally on the argument that Plaintiff's claims are preempted by federal law. Thus, the Heath Defendants' motion can only succeed if each of Plaintiff's claims are preempted.

3. Since the Heath Defendants' Motion to Dismiss only addresses Plaintiff's state law claims against them as brokers, and not Plaintiff's federal claims against them as common carriers or freight forwarders, Plaintiff will assume for the purposes of this response only that the Heath Defendants are "brokers" as defined by 49 U.S.C. § 13102.

4. Because Plaintiff's state law claims are not preempted by federal law, the Heath Defendants' motion to dismiss should be denied.

# STATEMENT OF FACTS

5. On February 13, 2019, Defendants Robert Heath Trucking, Inc. and Robert Heath Logistics, Inc. filed their Notice of Removal which removed cause number 236-304923-18 entitled *Beltex Corporation d/b/a Frontier Meats v. Robert Heath Trucking, Inc. et al.* in the 236th Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas Fort Worth Division.

6. On February 20, 2019, Defendant Robert Heath Trucking, Inc. filed their Answer in the current action being Civil Action No. 4:19-CV-00133 in the United States District Court for the Northern District of Texas Fort Worth Division.

7.  On February 21, 2019, Defendant Robert Heath Logistics, Inc. filed their Answer in the current action being Civil Action No. 4:19-CV-00133 in the United States District Court for the Northern District of Texas Fort Worth Division.

8.  On April 9, 2019, Defendants Robert Heath Trucking, Inc. and Robert Heath Logistics, Inc. (collectively hereinafter "Heath Defendants") filed their First Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

9.  Because the First Motion to Dismiss was untimely, the Court construed the First Motion to Dismiss as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Having considered the First Motion to Dismiss and Plaintiff's response thereto, the Court dismissed Plaintiff's Original Petition and granted Plaintiff leave to amend its complaint.

10. Plaintiff timely amended its complaint and filed its First Amended Complaint with the Court on October 14, 2019. Plaintiff's First Amended Complaint stated claims under the Carmack Amendment and amended claims under state law.

11. On September 7, 2019, the Heath Defendants filed their Motion to Dismiss First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

12. When evaluating a Motion to Dismiss pursuant to Rule 12(b)(6), the Court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the [non-moving party]." *Owens v. Jastrow*, 789 F.3d 529, 535 (5th Cir. 2015). A 12(b)(6) motion should be denied when the complaint alleges enough facts "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

13. A complaint satisfies the plausibility requirement "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the complaint is sufficient when it alleges facts which give rise to more than "a sheer possibility that a defendant has acted unlawfully." *Id*.

## ARGUMENTS AND AUTHORITIES

**A. Plaintiff's Common Law Claims Are Not Preempted by the Carmack Amendment Because the Heath Defendants Acted as Brokers, and Brokers are Outside the Scope of the Carmack Amendment.**

14. The great majority of courts to consider the issue, including this Court, have held that the Carmack Amendment, 49 U.S.C. § 14706, does not preempt state law claims against *brokers*, even if the Carmack Amendment does preempt claims against *common carriers*. *See e.g. See Chatelaine, Inc. v. Twin Modal, Inc.*, 737 F. Supp. 2d 638, 641 (N.D. Tex. 2010); *Air Liquide Mex. S. de R.L. de C.V. v. Talleres Willie*, NO. H-14-211, 2014 U.S. Dist. LEXIS 76221 at *11 (S.D. Tex. June 4, 2014); *Hewlett-Packard Co. v. Brother's Trucking Enters.*, 373 F. Supp. 2d 1349, 1350–51 (S.D. Fla. 2005); *Curb Techs., LLC v. Somerset Logistics, LLC*, NO. 3:13-CV-36-WKW [WO], 2013 U.S. Dist. LEXIS 94554 at *5 - *8 (M.D. Ala. July 18, 2013); *Commercial Union Ins. Co. v. Forward Air, Inc.*, 50 F. Supp. 2d 255, 257-58 (S.D.N.Y. 1999); *Custom Cartage, Inc. v. Motorola, Inc.*, No. 98-C-5182, 1999 U.S. Dist. LEXIS 1684 at *8-*9 (N.D. Ill. Feb. 16, 1999). Additionally, the Fifth Circuit has held that "the burden of persuasion in preemption cases lies with the party seeking to nullify the state statute." *VRC, LLC v. City of Dallas*, 460 F.3d 607, 612 (5th Cir. 2006). Because Plaintiff has pled that the Heath Defendants acted as brokers, Plaintiff's state law claims are not preempted. Accordingly, the Heath Defendants Motion to Dismiss should be denied.

15. Despite the fact the term "broker" is statutorily defined at 49 U.S.C §13102, the Carmack Amendment makes no mention of brokers, only stating that it applies to "carriers" and "freight forwarders." 49 U.S.C. § 14706. However, in other provisions of the Interstate Transportation

3

Subtitle Part B, where the Carmack Amendment is codified, Congress explicitly mentions brokers when it wishes for a law to apply to them, For instance, 49 U.S.C. § 14704 creates a cause of action for persons "injured because a carrier *or broker* providing transportation or service subject to jurisdiction under chapter 135 does not obey an order of the Secretary or the Board . . ." 49 U.S.C §14704. Under the well-settled canon of *in pari materia* "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Sebelius v. Cloer*, 569 U.S. 369, 378 (2013). Thus, the fact that brokers are not mentioned in the Carmack Amendment, while they are included in other provisions in the same subtitle, is a clear sign that Congress did not intend for the Carmack Amendment to preempt claims against brokers.

16. This Court has previously held that the Carmack Amendment does not preempt state law claims for breach of contract against a broker. *Chatelaine*, 737 F. Supp. 2d at 641. In that case, a shipper brought, *inter alia*, causes of action for breach of contract and negligence against a broker after a shipment of wine was lost in transit. *Id*. at 640. The shipper contracted with the broker to rapidly transport wine across the country. *Id*. at 639. While in transit, the wine reached an unacceptably high temperature and spoiled before delivery. *Id*. This Court found the Carmack Amendment did not preempt the shipper's breach of contract or negligence claims against the broker because the Carmack Amendment does not apply to brokers. *Id*. at 641.

17. As cited to in paragraph 12 of this Response, courts around the country have also held that the Carmack Amendment does not preempt state law claims against brokers. The most in-depth analysis of the issue comes out of *Commercial Union. See Commercial Union*, 50 F. Supp. 2d 255. Initially, the court points out that the savings clause of the Carmack Amendment indicates that the remedies provided by the Carmack are "in *addition* to remedies existing under another law or at common law."

*Id.* at 258. (emphasis in original) (quoting 49 U.S.C. § 15103). The court also takes pains to recognize that each of the cases which have held that the Carmack Amendment preempts state law causes of action have limited that holding to common carriers or freight forwarders. *Id.* Further, the court points out that the Carmack Amendment defines "broker" but does not provide for the liability of brokers. *Id.* Thus, the court held "broker liability survives the enactment of the Carmack Amendment." *Id.* at 259. In jurisdictions other than the Second Circuit where *Commercial Union* was decided, this central holding has been followed or otherwise approved in the First Circuit, Third Circuit, Fourth Circuit, Fifth Circuit, Sixth Circuit, Seventh Circuit, Ninth Circuit, and Eleventh Circuit. *See Richwell Grp., Inc. v. Seneca Logistics Grp., LLC*, No. 17-CV-11442-IT, 2018 U.S. Dist. LEXIS 26436 at *5 (D. Mass. Feb. 20, 2018); *Cont'l Cas. v. Quick Enters.*, No. 12-2351, 2012 U.S. Dist. LEXIS 90680 at *4 - *5 (D.N.J. June 29, 2012); *Prof'l Communs., Inc. v. Contract Freighters, Inc.*, 171 F. Supp. 2d 546, 551 (D. Md. 2001); *Northern Marine Underwriters, Ltd. v. FBI Express, Inc.*, No. H-08-2549, 2009 U.S. Dist. LEXIS 45353 at *6 (S.D. Tex. May 29, 2009); *Schneider Elec., USA, Inc. v. Landstar Inway, Inc.*, No. 1:11-CV-00801, U.S. Dist. LEXIS 110270 (S.D. Ohio Aug. 7, 2012); *Navigators Ins. Co. v. Freight Tec Mgmt. Grp., Inc.*, No. 11-C-7, 2011 U.S. Dist. LEXIS 105979 at *3 (E.D. Wis. Sep. 19, 2011); *Rohr, Inc. v. UPS-Supply Chain Solutions, Inc.*, 939 F. Supp. 2d 1041, 1055 n. 26 (S.D. Cal. April 8, 2013); *Stroud v. N. Am. Van. Lines, Inc.*, No. 4:09cv285-WCS, U.S. Dist. LEXIS 137872 at *4 (N.D. Fla. Oct. 27, 2009).

18.     Whereas the great weight of authority commands that Plaintiff's claims for breach of contract and negligence are not preempted by the Carmack Amendment, the Heath Defendants have not cited any case where the court held that a plaintiff's claims for breach of contract or negligence against a broker are preempted by the Carmack Amendment. Instead, each of the cases cited by the Heath

5

Defendants in their Motion to Dismiss focuses on whether the Carmack Amendment preempts claims against carriers.

19.     The Heath Defendants primarily rely on *Hoskins v. Bekins Van Lines* and *Moffit v. Bekins Van Lines* for the proposition that the Carmack Amendment completely preempts state law claims against a broker. *See Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003); *Moffit v. Bekins Van Lines, Co.*, 6 F.3d 305 (5th Cir. 1993). Each of these cases involved common carriers (which are explicitly mentioned by the Carmack Amendment), not brokers. *See Hoskins*, 343 F.3d at 771; *Moffit*, 6 F.3d at 306. Neither case addressed the issue of broker liability. As such, these cases provide little assistance to the Court when determining if the Carmack Amendment preempts state law claims against brokers.

20.     The Heath Defendants make two other arguments that the Carmack Amendment preempts Plaintiff's state law causes of action against them. These can be easily disposed of and should not be given serious consideration by the Court.

21.     First, the Heath Defendants argue "a Carmack Amendment claim may not be brought against a transportation broker for negligent selection of a motor carrier." (Ex. A, App. 6). Although the case law cited by the Heath Defendants does not appear to support this proposition, the veracity of the Heath Defendants' statement is irrelevant to their Motion to Dismiss. Plaintiff's Carmack Amendment claims against the Heath Defendants are not based on "negligent selection of a motor carrier." Those claims are based on Plaintiff's allegations that the Heath Defendants acted as a carrier or freight forwarder by and through its agent-employee, Legal Freightlines, LLC. Further, Plaintiff brought negligence claims in the alternative against the Heath Defendants based upon their failure to exercise ordinary care in selecting a carrier. Because the Heath Defendants have not moved to dismiss Plaintiff's Carmack Amendment claims, argument that Plaintiff cannot bring a Carmack Amendment claim is irrelevant to the present motion.

22.     Second, the Heath Defendants argue brokers are "not liable for the negligence of its independent contractor trucking company." (Ex. A, App. 6). As an initial matter, Plaintiff has specifically pled that the Heath Defendants exercised such substantial control over Legal Freightlines, LLC that it was an employee-agent of the Heath Defendants, not an independent contractor. Further, Plaintiff's negligence claims against the Heath Defendants are based on their negligent failure to hire a carrier of reasonable competency and failure to find a carrier with adequate insurance, not on the imputed negligence of Legal Freightlines, LLC.

23.     As such, Plaintiff's claims for breach of contract and negligence are not preempted by the Carmack Amendment. The text of the Carmack Amendment and the massive weight of case law indicate that brokers can be liable to shippers for state law causes of action. Thus, the Heath Defendant's Motion to Dismiss should be denied insofar as it relies on preemption under the Carmack Amendment.

**B. Plaintiff's Breach of Contract Claims are Not Preempted by the Federal Aviation Administration Authorization Act Because Courts Have Repeatedly Held that Breach of Contract Claims are Not Preempted.**

24.     The Heath Defendants' claim that Plaintiff's breach of contract claims are preempted by the Federal Aviation Administration Authorization Act, 49 U.S.C. §14501 (the "FAAAA") is unsupported by any case law and is directly contradicted by the lone case the Heath Defendants cite for their contention. *See Wise Recycling, LLC v. M2 Logistics*, 943 F. Supp. 2d 700, 705 (N.D. Tex. 2013) (holding "the breach of contract claim should not be dismissed."). The Fifth Circuit has held that "the burden of persuasion in preemption cases lies with the party seeking to nullify the state statute." *VRC,* 460 F.3d at 612. Because the Heath Defendants make only a cursory statement that Plaintiff's contract claims are preempted by the FAAAA, cites no authority supporting that

proposition, and makes no further arguments, the court should disregard the Heath Defendants' argument because it does not meet the Heath Defendants' burden.

25. The only case the Heath Defendants cite for their argument the FAAAA preempts contract claims against brokers held the exact opposite. *Wise Recycling*, 943 F. Supp. 2d at 705. In that case, a transportation broker argued that the FAAAA preempted all common law claims against brokers. *Id.* at 704. The court rejected that argument. *Id.* at 705. The court instead looked to Supreme Court and Fifth Circuit precedent, interpreting a similar statute, which held contract claims were not preempted. *Id.* at 703 – 04 (citing *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 – 29 (1995); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.282, 287 (5th Cir. 2002).). Additionally, *Wise Recycling* held that a plaintiff could recover attorney's fees for breach of contract claims against transportation brokers. *Wise Recycling*, 943 F. Supp. 2d at 706.

26. Further, the Supreme Court has indicated in dicta that private actions for a breach of contract are not preempted by the FAAAA. *Am. Trucking Ass'ns., Inc. v. Los Angeles*, 569 U.S. 641, 649 –50 (2013). In that case, the Supreme Court held that the FAAAA did not preempt contractual arrangements between the government and a trucking company, except to the extent that the government was acting in its regulatory, rather than its proprietary, capacity. *Id.* at 651. The Supreme Court reasoned that the "force and effect of law" language found in the FAAAA "connotes official, government-imposed policies prescribing binding standards of conduct." *Id.* at 649 (internal quotations omitted) (quoting *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 229 (1995).). The Supreme Court contrasted that with "contractual commitments voluntarily undertaken" which are not preempted by the FAAAA. *Am. Trucking*, 569 U.S. at 649. This reasoning extends to the "enforcement of an agreement between two private parties." *Id.*

8

27.     Because the Heath Defendants have not cited any authority supporting their argument that contract claims against freight brokers are preempted by the FAAAA, the only authority the Heath Defendants do cite contradicts their argument, and Supreme Court precedent on the subject contradicts their argument, the Heath Defendants have not met their burden of persuasion. Thus, the Court should find that Plaintiff's breach of contract claims are not preempted by the FAAAA and the Heath Defendants' motion to dismiss should be denied.

**C. Plaintiff's Negligence Claims Are Not Preempted by the FAAAA Because Plaintiff's Claims Arise from the State's Safety Regulatory Authority, which is Not Covered by the FAAAA.**

28.     Plaintiff claims that the Heath Defendants breached their duties to find a reasonably competent carrier for the shipment of Plaintiff's goods and to find a carrier which was properly insured. (*See* Ex. B, App. 21 ¶ 75, 23 ¶ 94). Each of these claims clearly implicates the State of Texas's authority to regulate safety as a part of its general police powers. The FAAAA explicitly states that it "shall not restrict the safety regulatory authority of a State." 49 U.S.C. § 14501(c)(2)(A). The Supreme Court has indicated the FAAAA does not prohibit "state regulation that broadly prohibits certain forms of conduct and affects, say, truckdrivers, only in their capacity as members of the public." *Rowe v. New Hampshire Motor Transport Assoc.*, 552 U.S. 364, 375 (2008). To that end, the Supreme Court has held not all negligence claims against motor carriers are not preempted by the FAAAA. *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 255 (2013) (also holding the plaintiff's claims under the New Hampshire Consumer Protection Act were not preempted). To determine whether a regulation is preempted, the Supreme Court's main consideration is whether the regulation "would freeze in place an immunize from competition a service-related system that carriers do not (or in the future might not) wish to provide." *Rowe*, 552 U.S. at 373. Further, state law which affects "prices, routes, and services in only a tenuous, remote, or peripheral manner" is not preempted. *Dan's City*, 569 U.S. at 260.

9

29. The Fifth Circuit has held that "the burden of persuasion in preemption cases lies with the party seeking to nullify the state statute." *VRC,* 460 F.3d at 612. The Fifth Circuit also held the safety exception in the FAAAA should be given a broad construction. *Id.* Further, there is a strong presumption "the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *City of Columbus v. Ours Garage & Wrecker Serv.*, 536 U.S. 424, 428 (2002). With these fundamental principles in mind, several District Courts in the Fifth Circuit have held that negligence or negligent hiring claims against freight brokers are not preempted by the FAAAA. *See e.g. Huffman v. Evans Transportation Services, Inc.* No. H-19-0705, 2019 WL 4143896 at *2 (S.D. Tex. 2019); *Finley v. Dyer*, No. 3:18-CV-78-DMB-JMV, 2018 WL 5284616 at *6 (N.D. Miss. 2018); *DNOW, L.P. v. Paladin Freight Solutions, Inc.*, No. 4:17-CV-3369, 2018 WL 398235 at *5 (S.D. Tex. 2018); *Morales v. Redco Transport, Ltd.*, No. 5:14-cv-129, 2015 WL 9274068 at *3 (S.D. Tex. 2015).

30. The negligence claim Plaintiff asserts against the Heath Defendants is not preempted because Texas negligence law "broadly prohibits certain forms of conduct" and affects the Heath Defendants "only in their capacity as members of the public." *Rowe*, 552 U.S. at 375. The negligence claim Plaintiff asserts against the Heath Defendants relies on law that is applicable to all persons which are subject to the state of Texas. It is mere chance that the Heath Defendants happen to be freight brokers.

31. Further, subjecting the Heath Defendants to Plaintiff's negligence claims would not "freeze in place an immunize from competition a service-related system that carriers do not (or in the future might not) wish to provide." *Id.* at 373. Texas negligence law does not require the Heath Defendants to provide any additional services at all; it only requires that the Heath Defendants conduct themselves with due care.

32.     It is without question that it is within the State of Texas's police powers to regulate the negligent conduct of those subject to its laws. *See Ours Garage*, 536 U.S. at 428. Thus, Plaintiff's negligence claims are not preempted unless the FAAAA evidences a clear and manifest Congressional purpose to preempt state negligence law. *See id.* The Fifth Circuit's holding that the safety exception to the FAAAA should be given a broad construction forecloses the possibility of such clear and manifest purpose. *See VRC*, 460 F.3d at 612.

33.     Plaintiff's claim that the Heath Defendants failed to secure a reasonably competent carrier for Plaintiff's meats falls within the safety exception because the Heath Defendants failure to do so resulted in the creation of biohazardous waste. (*See* Ex. B, App. 14 ¶ 23). When Plaintiff's meat spoiled in transit it constituted a safety hazard to any person that could come into contact with it, exposing such persons to grave illness.

34.     Plaintiff's claim that the Heath Defendants failed to find a carrier which met applicable insurance requirements also falls within the safety exemption. Even cases which have held the FAAAA preempts most causes of action for negligence have recognized that the FAAAA does not preempt "the ability of the several states to define safety standards and *insurance requirements*." *Huntington Operating Corp. v. Sybonney Exp., Inc.*, No. H-08-781, 2010 WL 1930087 at *3 (S.D. Tex. 2010). Thus, a negligence cause of action based on the Heath Defendants' failure to make certain the carrier was adequately insured falls within the safety exception to the FAAAA.

35.     As such, Plaintiff's claim for negligence is not preempted by the FAAAA and the Heath Defendants' Motion to Dismiss should be denied.

**D. In Good Faith, Plaintiff Interpreted the Court's Order of September 18, 2019 to Allow Plaintiff to Assert Claims Under the Carmack Amendment Against the Heath Defendants *as Carriers* and State Law Claims in the Alternative Against the Heath Defendants *as Brokers*.**

36. As the Heath Defendants point out, this Court's order stated that Plaintiff's state law claims arising from shipment of goods "in interstate commerce *by common carrier* are preempted by the Carmack Amendment . . ." (Ex. C, App. 27). (emphasis added). In Plaintiff's Original Petition, Plaintiff only asserted claims against the Heath Defendants *as carriers*. (Ex. D, App. 28–35). Plaintiff accepts and agrees with the Court's ruling that state law claims are preempted against *common carriers*. However, because Plaintiff did not originally plead that the Heath Defendants were brokers under the Carmack Amendment, it was not before the court whether state law claims against *brokers* were preempted by the Carmack Amendment. As such, Plaintiff interpreted the Court's order to mean that Plaintiff's claims were dismissed because they were asserted against a carrier, which is within the scope of the Carmack Amendment.

37. Plaintiff can find nowhere in the Court's order an imperative that Plaintiff not plead state law claims against the Heath Defendants as brokers, which are not within the scope of the Carmack Amendment.

38. Further, the final sentence of the Court's order states that Plaintiff must file a complaint which includes a claim under the Carmack Amendment by October 16, 2019, "or its *claims* will be dismissed." (Ex. C, App. 27). Use of the plural indicated that Plaintiff could assert more than a single claim under the Carmack Amendment.

39. Because the Court did not hold that Plaintiff's claims against the Heath Defendants *as brokers* were preempted by the Carmack Amendment, and the express language of the order contemplates that Plaintiff can assert other claims, Defendants motion to dismiss should be denied.

## **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that Defendants' Motion to Dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be denied.

Plaintiff requests such other and further relief to which they may demonstrate themselves justly entitled.

Dated: November 25, 2019                                  Respectfully submitted,

**TAILIM SONG LAW FIRM**

*/s/ Tailim Song*
_____
TAILIM SONG
State Bar No. 00792845
tsong@tailimsong.com
8111 LBJ Freeway, Suite 480
Dallas, Texas 75251
(214) 528-8400 Telephone
(214) 528-8402 Facsimile

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On November 25, 2019, the foregoing document was filed with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that the document has been served on all counsel and/or *pro se* parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Tailim Song*
_____
Tailim Song

13