IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BELTEX CORPORATION d/b/a FRONTIER MEATS, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. 4:19-cv-00133 |
| v. | § § | |
| ROBERT HEATH TRUCKING, INC. and ROBERT HEATH LOGISTICS, INC., | § § § § | |
| Defendants. | | |

## REPLY IN SUPPORT OF ROBERT HEATH DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants Robert Heath Trucking, Inc. and Robert Heath Logistics, Inc. ("Defendants") hereby file this reply in support of Defendants' Motion to Dismiss First Amended Complaint [Dkt. #27], and respectfully show the Court the following:

## SUMMARY

The Court has already considered the arguments and claims raised by Plaintiff Beltex Corporation d/b/a Frontier Meats ("Frontier Meats") and ordered Frontier Meats to replead a single cause of action against Defendants for loss and/or damage to cargo arising under the Carmack Amendment. Now, in contradiction to Frontier Meats' request and this Court's prior order, Frontier Meats has repleaded all of its state law claims against Defendants alleging that it did this in "good faith." Moreover, Frontier Meats asserts an incorrect argument regarding Defendants' liability as a motor carrier and as a broker. Federal law is clear: if Frontier Meats seeks to recover against Defendants as a motor carrier than its sole option is a single claim arising under the

Carmack Amendment. If Frontier Meats seeks to recover against Defendants in Defendants' capacity as a transportation broker (if any) then its sole option is a claim for breach of contract. Any and all other claims must be dismissed with prejudice as such claims are preempted by either the Carmack Amendment or the Federal Aviation Administration Authorization Act ("FAAAA"). Indeed, the remedy for Frontier Meats is straightforward. It is entitled to make a single claim for recovery of its damaged cargo: (1) under the Carmack Amendment against Defendants as motor carriers; or (2) for breach of contract against Defendants as brokers. No other causes of action are permitted.

### A.     *This Court Has Already Found Plaintiff's Claims Preempted*

Plaintiff's Original Complaint raised claims against Defendants in Defendants' capacities as both motor carriers and transportation brokers [Dkt. #1-3]. In reliance on these pleadings, Defendants filed a motion to dismiss arguing that Plaintiff's state law claims were preempted by the Carmack Amendment and should be dismissed [Dkt. #14]. Plaintiff elected not to refute the merits of Defendants' motion to dismiss, and instead argued solely that Defendants' motion was untimely [Dkt. #19]. The Court construed Defendants' motion to dismiss as a motion for judgment on the pleadings and ordered [Dkt. #22]:

> …[A]fter review of the parties' briefs and the allegations in Plaintiff's petition, it is clear that the motion must be granted. Plaintiff's state-law claims for breach of contract, negligence, and gross negligence arising as a result of the alleged untimely delivery and resulting spoilage of certain beef goods shipped in interstate commerce by common carrier are preempted by the Carmack Amendment to the Interstate Commerce Act…
>
> Plaintiff's response to the motion alternatively requests leave to amend to assert a claim for relief under the Carmack Amendment… That request is GRANTED.

Plaintiff did not request, and the Court did not grant, any opportunity to add additional state law claims against Defendants. Indeed, the Court has already determined that Defendants are entitled

to judgment on Plaintiff's state law claims against them.  Plaintiff should not now be permitted to circumvent this Court's orders and refile the same claims which the Court has already found to be preempted by the Carmack Amendment.  Per the Court's prior order, Plaintiff is limited to a single claim against Defendants arising under the Carmack Amendment and any other state law claims should be dismissed.

### B. *Plaintiff's Claims Against Defendants as Brokers are Also Preempted Save a Claim for Breach of Contract*

Plaintiff does not dispute that to the extent it seeks to recover against Defendants as motor carriers, Plaintiff is limited to a single claim arising under the Carmack Amendment [*See* Dkt. #28].

To the extent Plaintiff pleads claims against Defendants as transportation brokers, Plaintiff also appears to agree that any Carmack Amendment claim against a transportation broker is not appropriate under federal law.  *See Wise Recycling, LLC v. M2 Logistics*, 943 F. Supp. 2d 700, 702 (N.D. Tex. 2013).  Moreover, Plaintiff's negligence claims are preempted by the FAAAA.  *Id*. at 704-05.  Courts considering this issue have found that under 49 U.S.C. § 14501, "state law claims relating to interstate transportation of goods are preempted." *Id*. at 704 (citations omitted).  Indeed, this Court has previously held that "49 U.S.C. § 14501 preempts all state law claims except for ordinary breach of contract claims." *Id*. at 705.  Accordingly, any Carmack Amendment or state law claims asserted by Plaintiff against Defendants in their capacity as brokers must be dismissed save a single claim for breach of contract.

Plaintiff contends that its claims are not preempted by the FAAAA pursuant to the FAAAA's "safety exception" that Plaintiff contends does not preempt its negligence claims against Defendant for failure to "find a reasonably competent carrier for the shipment of Plaintiff's

goods" because the FAAAA states that it "shall not restrict the safety regulatory authority of a State" [Dkt. #28 at 9]. The cases cited by Plaintiff in support of this proposition simply do not apply here. In federal case law finding that the FAAAA did not preempt claims against a transportation broker, the courts found that a plaintiff's personal injury claims for bodily injury or death were not preempted following motor vehicle collisions. *See Huffman v. Evans Transportation Services, Inc.*, No. H-19-0705, 2019 WL 4143896, at *2 (S.D. Tex. 2019); *Finley v. Dyer*, No. 3:18-cv-78-DMB-JMV, 2018 WL 5284616, at *6 (N.D. Miss. 2018); *Morales v. Redco Transport, Ltd.*, No. 5:14-CV-129, 2015 WL 9274068, at *3 (S.D. Tex. 2015). In these cases the courts held that the plaintiffs alleged personal injury claims and the resulting damages therefrom were not preempted by the FAAAA. This is a logical result given that personal injuries are not those types of damages that Congress intended to preclude by federal preemption. Here, however, Plaintiff's claims are solely for loss and/or damage to cargo and are precisely those types of claims/damages which directly affect prices, routes, and services provided by transportation brokers. As such, Plaintiff's negligence claims are preempted by the FAAAA.

## CONCLUSION

The Court has already found Plaintiff's state law claims are preempted and Plaintiff was solely permitted to replead a single cause of action arising under the Carmack Amendment. Plaintiff should not be permitted a second bite at the apple. Moreover, Plaintiff's claims are limited to a single Carmack Amendment claim against Defendants as motor carriers or in the alternative, a single claim for breach of contract against Defendants as brokers. No other causes of action are permitted by federal case law. Accordingly, Defendants' motion to dismiss should be granted and Plaintiff's state law claims dismissed with prejudice.

        Respectfully submitted,

        */s/ Vic H. Henry*
        Vic H. Henry
        Attorney-In-Charge
        TBA No. 09484250
        vhhenry@hoaf.com
        Emileigh Hubbard
        TBA No. 24076717
        ehubbard@hoaf.com

        **HENRY ODDO AUSTIN & FLETCHER,**
          **a Professional Corporation**
        1700 Pacific Avenue, Suite 2700
        Dallas, Texas 75201
        Telephone:  (214) 658-1900
        Facsimile:   (214) 658-1919

        **ATTORNEYS FOR DEFENDANTS ROBERT HEATH LOGISTICS, INC. AND ROBERT HEATH TRUCKING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December, 2019, a true and correct copy of the foregoing was served via electronic service via the Court's electronic filing system on counsel of record.

        */s/ Vic H. Henry*
        Vic H. Henry